CNA Insurance Company *v*. Frank Colman et al.
(14366)

Peters, C. J., Glass, Borden, Berdon and F. X. Hennessy, Js.

Argued March 26—decision released June 18, 1992

*Jan C. Trendowski*, with whom, on the brief, was *Justin J. Donnelly, Sr.*, for the appellant (plaintiff).

*Laurence V. Parnoff*, with whom, on the brief, was *Kathryn L. Braun*, for the appellees (defendants).

Per Curiam. The central issue in this appeal is whether an employee who is injured while operating his employer's automobile during the course of his employment is precluded by General Statutes

§ 31-284 (a)[1] from collecting uninsured motorist bene-
fits under his employer's automobile liability insurance
policy.[2] The defendant, Frank Colman (Colman),[3] was
injured in a collision with another motor vehicle while
operating his employer's personal automobile during
the course of his employment. After exhausting the
third party tortfeasor's liability coverage and receiv-
ing workers' compensation benefits, Colman com-
menced a compulsory arbitration proceeding against
the plaintiff, CNA Insurance Company (CNA), which
insured the automobile driven by Colman, to recover
uninsured motorist benefits. Although the arbitration
panel ruled that Colman was entitled to such coverage,
the trial court granted CNA's motion to vacate the
award. As a result of Colman's appeal to the Appel-
late Court, the arbitral award was reinstated. *CNA Ins.
Co.* v. *Colman,* 25 Conn. App. 651, 595 A.2d 949 (1991).
We then granted CNA's petition for certification[4] and
now reverse the judgment of the Appellate Court.

---

[1] General Statutes § 31-284 provides in pertinent part: "(a) An employer
shall not be liable to any action for damages on account of personal injury
sustained by an employee arising out of and in the course of his employ-
ment or on account of death resulting from personal injury so sustained,
but an employer shall secure compensation for his employees as follows,
except that compensation shall not be paid when the personal injury has
been caused by the wilful and serious misconduct of the injured employee
or by his intoxication. All rights and claims between employer and employ-
ees, or any representatives or dependents of such employees, arising out
of personal injury or death sustained in the course of employment as afore-
said are abolished other than rights and claims given by this chapter, pro-
vided nothing herein shall prohibit any employee from securing, by
agreement with his employer, additional benefits from his employer for such
injury or from enforcing such agreement for additional benefits." Although
this statute was amended, effective July 1, 1991, by Public Acts 1991, No.
32, §§ 7, 41, the changes are not pertinent to this appeal.

[2] In this opinion, the term uninsured motorist benefits encompasses
underinsured motorist benefits as well.

[3] Frank Colman's wife is also a defendant in this case. As used in this
decision, Colman refers to the named defendant.

[4] We granted certification limited to the following question: "Is an
employee who is injured in the course of his employment and who has

The pertinent facts are not in dispute. On July 11, 1983, Colman was involved in an automobile accident while driving his employer's personal automobile within the scope of his employment. CNA insured the automobile, along with three others owned by Colman's employer, under a personal automobile liability policy. Each of the four vehicles carried $40,000 in uninsured motorist coverage.

Prior to making his claim under the CNA uninsured motorist policy, Colman had exhausted the third party tortfeasor's liability coverage of $20,000 and had received workers' compensation benefits of $38,758.67. The central issue before the arbitration panel was "whether or not [Colman was] barred from pursuing an action for damages against [CNA] because of having been awarded Workman's [sic] Compensation benefits from his employer." The arbitration panel concluded that, because Colman's action for uninsured motorist benefits was based on a "contractual concept" that existed between Colman and CNA, Colman was entitled to recover benefits despite having already received workers' compensation benefits.

The trial court granted CNA's application to vacate the arbitration award in reliance on *Ross* v. *New Haven,* 19 Conn. App. 169, 561 A.2d 457 (1989), which had held that § 31-284 (a) made benefits under the Workers' Compensation Act the exclusive remedy for work related injury claims against an employer. The court further concluded that uninsured motorist benefits under CNA's policy of insurance did not qualify as "additional benefits" under § 31-284 (a).[5]

received workers' compensation benefits barred from receiving uninsured or underinsured motorist benefits from his employer pursuant to Connecticut General Statutes section 31-284 (a)?" *CNA Ins. Co.* v. *Colman,* 220 Conn. 920, 597 A.2d 341 (1991).

[5] Because arbitration of coverage issues was compulsory pursuant to General Statutes § 38-175c, the trial court properly subjected the arbitrator's

The Appellate Court reversed the judgment of the trial court. It concluded that § 31-284 (a) "does not bar an employee who has received workers' compensation benefits from also obtaining uninsured or underinsured motorist benefits" from his employer's insurer. *CNA Ins. Co.* v. *Colman,* supra, 653. Its conclusion was based in part on its reading of our decision in *Wilson* v. *Security Ins. Co.,* 213 Conn. 532, 569 A.2d 40, cert. denied, 498 U.S. 814, 111 S. Ct. 52, 112 L. Ed. 2d 28 (1990), as having implicitly overruled *Ross* v. *New Haven,* supra. *CNA Ins. Co.* v. *Colman,* supra, 652.

Having been granted certification to appeal, CNA contends that § 31-284 (a): (1) bars any work related claim for uninsured motorist benefits under an insurance policy procured by the employer; and (2) bars such a claim even though the insurance at issue is an employer's personal automobile liability insurance. We agree.

We have today concluded, in the companion case of *Bouley* v. *Norwich,* 222 Conn. 744, 610 A.2d 1245 (1992), that an employee who has received workers' compensation benefits for injuries that occurred during the course of his employment is precluded by the clear language of § 31-284 (a) from recovering uninsured motorist benefits from his self-insured employer. We must decide in this case whether the same rule applies when the employer is not self-insured, and thus the employee's claim is brought against a commercial insurance provider on an uninsured motorist insurance policy procured by the employer.

Colman maintains that his claim against CNA is not barred by the workers' compensation exclusivity provision because "[i]nsurance companies, like everyone else, should be held accountable for both their acts and

interpretation of the law to de novo review. *Bodner* v. *United Services Automobile Assn.,* 222 Conn. 480, 610 A.2d 1212 (1992); *American Universal Ins. Co.* v. *DelGreco,* 205 Conn. 178, 530 A.2d 171 (1987).

their contracts," and because "[t]he benefits sought are contractual benefits from CNA, not from any 'employer.' " His contention has three subparts: (1) his claim is statutory or contractual, and hence is not a personal injury claim; (2) his claim involves only the contractual liability of CNA; and (3) his claim is a special agreement that is expressly excluded from the exclusivity provision by § 31-284 (a). We find none of these arguments persuasive.

We have already determined in *Bouley* that, in an action against the employer, the statutory or contractual basis of uninsured motorist coverage does not exempt a claim for such benefits from the purview of the exclusivity provision of the Workers' Compensation Act. *Bouley* v. *Norwich,* supra, 756. The characterization of the employee's claim does not take on special significance just because the employee is pursuing an action against the employer's insurer.

The fact that the employee's suit is based on an uninsured motorist insurance policy issued by a commercial insurer does not warrant a departure from the exclusive remedy policy of our Workers' Compensation Act. Colman's employer procured and paid for the insurance policy under which Colman is seeking benefits in this case. "Under the Workers' Compensation Act, both the employer and the employee have relinquished certain rights to obtain other advantages." *Bouley* v. *Norwich,* supra, 752. Pursuant to this compromise, the employer is insulated from bearing *any* costs arising out of workplace injuries in excess of those provided by workers' compensation. See *Pokorny* v. *Getta's Garage,* 219 Conn. 439, 454–55, 594 A.2d 446 (1991); *Jett* v. *Dunlap,* 179 Conn. 215, 217, 425 A.2d 1263 (1979). Claims paid by an employer's insurer will presumably be reflected in the insurance premium that the employer must pay. It follows therefore that CNA, as the alter ego of its insured, the employer, must have

the right to refuse to pay benefits to an employee injured during the course of employment above and beyond the legal liability of the employer. See *Wagner v. National Indemnity Co.,* 492 Pa. 154, 165, 422 A.2d 1061 (1980) (exclusiveness of Workers' Compensation Act barred employee's claim for no-fault benefits against employer's insurer "for an insurer provides coverage for an employer's possible liability and has no independent basis for liability on its own part"); compare *Mathis* v. *Interstate Freight,* 408 Mich. 164, 181, 289 N.W.2d 708 (1980) (statute allowing employee's direct cause of action against employer's no-fault insurance carrier); see also 2A A. Larson, Workmen's Compensation (1992) § 65.11, p. 12-1 ("Once a workmen's compensation act has become applicable . . . it affords the exclusive remedy for the injury by the employee . . . against the employer and insurance carrier."). Because of the central role that the exclusive remedy provision plays in our workers' compensation law, an employee who can receive workers' compensation benefits is therefore barred from collecting under his employer's uninsured motorist coverage, whether that coverage is provided through self-insurance or through a commercial insurance policy.

We also reject Colman's contention that the CNA insurance policy falls within a statutory exemption to the workers' compensation exclusivity provision. While § 31-284 (a) provides that an employee may secure "by agreement with his employer, additional benefits from his employer" for injuries sustained during the course of employment, there is no evidence in the present case that such an agreement for additional benefits existed. The only contract in this case was between Colman's employer and CNA. See also *Bouley* v. *Norwich,* supra, 755.

Finally, we can discern no reason to depart from our holding in *Bouley* on the ground that the automobile

in which Colman was injured was insured pursuant to a personal automobile liability policy. While the personal nature of the coverage might be relevant to the issue of "stacking"; see *Cohn* v. *Aetna Ins. Co.,* 213 Conn. 525, 529–32, 569 A.2d 541 (1990); it is not relevant to the issue of whether a claim for uninsured motorist benefits is precluded by the Workers' Compensation Act.

The judgment is reversed and the case is remanded to the Appellate Court with direction to affirm the judgment of the trial court.

In this opinion PETERS, C. J., GLASS, BORDEN and F.X. HENNESSY, Js., concurred.

BERDON, J., dissenting. See my dissent in *Bouley* v. *Norwich,* 222 Conn. 744, 765–68, 610 A.2d 1245 (1992).