[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Sandra Gamache, filed a revised complaint on May 3, 1994, alleging that the defendant, ITT Hartford Insurance Corporation (ITT Hartford), failed to pay underinsured motorist compensation owed to the plaintiff for her injuries pursuant to policy number 02 UEN MB1061. At the time of the accident, the plaintiff was driving an automobile owned by the Yankee Leasing Company and contractually leased to ACME Auto Supply, Inc. (ACME).
On August 8, 1994, ITT Hartford filed a motion for summary judgment, claiming that there is "no genuine issue of material fact relative to absence of any viable underinsured motorist claim."
Pursuant to Practice Book § 380, ITT Hartford filed a supporting memorandum of law, and the plaintiff timely filed an objection to the motion for summary judgment.
"Pursuant to Practice Book Section 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine is sue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id.
In support of its motion for summary judgment, ITT Hartford supplied the plaintiff's responses to requests to admit dated March 22, 1994 to demonstrate that, at the time of the accident, the plaintiff was employed by ACME, was acting within the scope of her employment, and had received workers' compensation benefits for her injuries. ITT Hartford supplied the affidavit of Claim Specialist Debra Crosby to establish that "ACME Auto Supply, Inc. is the named insured under the policy [at issue] and it is responsible for all premiums charged under the same." ITT Hartford argues that under CNA Ins. Co. v. Colman,222 Conn. 769, 610 A.2d 1257 (1992), an employee who can receive CT Page 10210 workers' compensation benefits is barred from collecting under his employer's uninsured motorist coverage.
In her memorandum in support of her objection to the motion for summary judgment, the plaintiff argues that she is seeking uninsured motorist benefits from the owner of the automobile, rather than from her employer, the lessor, of the automobile. Additionally, the plaintiff argues that a legislative amendment General Statutes § 38a-336 reveals that Colman and the companion case of Bouley v. Norwich, 222 Conn. 744,610 A.2d 1245 (1992) were incorrectly decided.
First, both ITT Hartford's supporting affidavit and the plaintiff's own exhibit attached to her affidavit show that ACME is the named insured for policy number 02 UEN MB1061. Therefore, although the owner of the automobile is also on the policy as an endorsement, the plaintiff is seeking to recover under her employer's uninsured motorist policy.
Second, the legislative amendment to General Statutes § 38a-336 as it applies to General Statutes § 31-284 does not affect accidents occurring prior to January 1, 1994, and thereforeColman and Bouley control the present case.[1]
The fact that the plaintiff's employer was the lessee, rather than the owner, of the automobile does not affect the rationale of Colman and Bouley. Although ACME is the lessee of the automobile, ACME did obtain uninsured/underinsured coverage for the automobile, and it is under this policy that the plaintiff is seeking to recover.
"Because of the central role that the exclusive remedy provision plays in our workers' compensation law, an employee who can receive workers' compensation benefits is therefore barred from collecting under his employer's uninsured motorist coverage, whether that coverage is provided through self-insurance or through a commercial insurance policy." CNA Ins. Co. v.Colman, supra, 222 Conn. 769.
The rationale behind preventing an employee to recover under Workers' Compensation and the employer's uninsured motorist policy does not depend turn on the technical ownership of the automobile but on the cost of insuring the automobile:
Under the Workers' Compensation Act, CT Page 10211 both the employer and the employee have relinquished certain rights to obtain other advantages. Pursuant to this compromise, the employer is insulated from bearing any
costs arising out of workplace injuries in excess of those provided by workers' compensation. Claims paid by an employer's insurer will presumably be reflected in the insurance premium that the employer must pay. It follows therefore that [the insurance company], as the alter ego of its insured, the employer, must have the right to refuse to pay benefits to an employee injured during the course of employment above and beyond the legal liability of the employer.
Id., 773-74.
The plaintiff has recovered Workers' Compensation benefits and is attempting to collect under her employer's underinsured motorist coverage as well. For accidents occurring prior to January 1, 1994, such recovery is prohibited under CNA Inc.Co. v. Colman, supra, 222 Conn. 769.
Because there is no genuine issue of material fact, the defendant ITT Hartford's motion for summary judgment is granted.
LEONARD W. DORSEY STATE TRIAL REFEREE