[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on a motion for summary judgment filed by defendant Enterprise Rent-A-Car.
The plaintiff, John Carlo, has sued Enterprise Rent-A-Car ("employer") and Robert Regel, a fellow employee, for injuries the plaintiff claims to have suffered in a collision when he was a passenger in a car driven by Regel while both the plaintiff and Regel were acting in the scope of their employment as employees of CT Page 339-A Enterprise Rent-A-Car.
In its motion for summary judgment, the employer claims that the plaintiff's claim against it is barred by the exclusivity provision of the Worker's Compensation Act, General Statute § 31-284. (The plaintiff's claim against Robert Regel is not at issue in this motion).
General Statutes § 31-284(a) provide that "[a]ll rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter". "This chapter" is Chapter 568, the Worker's Compensation Act.
The plaintiff claims that General Statutes § 31-293(a) authorizes a suit against the employer when the personal injury complained of resulted from the negligent operation of a motor vehicle by a fellow employee. In fact, this portion of the statute authorizes suit only against the fellow employee, since § 31-293a
provides in pertinent part as follows: CT Page 339-B
 [i]f an employee . . . has a right to benefits or compensation under this chapter [the Worker's Compensation Act] on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee . . . and no action may be brought against such fellow employee unless such a wrong was willful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in Section 14-1. [emphasis supplied].
Contrary to the plaintiff's assertion, § 31-293a does not authorize suit against the employer where the fellow employee negligently operated a motor vehicle, but does allow suit against the fellow employee. That statute further requires employers to include liability coverage for employees who operate business-owned vehicles in the insurance coverage for such vehicles.
The plaintiff argues that because an employer must provide CT Page 339-C such liability coverage to address claims against its employees, the employer itself can be sued. On its face, § 31-293a, does not authorize suit against the employer, but only suit against the fellow employee, and the statutes nowhere except suits arising from motor vehicle accidents from the general exclusivity provision of § 31-284(a) as to claims against employers.
In Bouley v. City of Norwich, 222 Conn. 744 (1992) and CNAInsurance Co. v. Colman, 222 Conn. 769 (1992), the Supreme Court ruled that because § 31-284(a) made benefit received under the Worker's Compensation Act the exclusive remedy, an injured employee could not receive benefits under the uninsured motorist benefits of an employer's insurance coverage for business vehicles.
The General Assembly thereafter enacted P.A. 93-297, which provides, at subsection (f), that "[n]otwithstanding subsection (a) of Section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage".
The plaintiff argues that P.A. 93-297(f) somehow allows not CT Page 339-D only a claim for uninsured motorist insurance benefits, but also a direct right of action against the employer based on allegations of vicarious liability for the negligent operation of a motor vehicle by the fellow employee.
P.A. 93-297(f) says no such thing. On its face, this enactment applies only to access to uninsured and underinsured motorist benefits. It does not allow a cause of action against the employer for liability for the motor vehicle collision.
The plaintiff's claim against his employer is not a claim for uninsured or underinsured motorist benefits. The allegation of the complaint make no mention of exhaustion of the coverage of the fellow employee or any of the other requirements for a claim arising under such coverage. See General Statute § 38a-336. Rather, the gravamen of the plaintiff's complaint is that the employer is liable for the negligence of its employee in operating a motor vehicle in the course of his employment.
This claim against Enterprise Rent-A-Car is barred by the exclusivity provision of the Worker's compensation Act, which was CT Page 339-E not amended by P.A. 93-297.
The motion for summary judgment filed by Enterprise Rent-A-Car is hereby granted, and judgment shall enter in favor of that defendant as to the claims made against it in the plaintiff's complaint. Because of the plaintiff's apparent confusion of the issues of liability and insurance, it seems necessary to state that this adjudication does not affect the plaintiff's claim against the alleged fellow employee defendant Robert Regel, nor any insurance coverage required by law.