[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action claims damages for personal injuries under the uninsured motorists policy of plaintiff's employer, arising from a motor vehicle accident which occurred on January 7, 1993, on the Hutchinson Parkway in the state of New York.
On that date the plaintiff, a Connecticut resident, was operating a motor vehicle owned by his employer, Hy's Livery Service, Inc., a Connecticut corporation and insured by the defendant insurance company when he was struck by a motor vehicle operated by one Perry Lee Ewins.
The plaintiff alleges that he has exhausted the full liability limit of the tortfeasor's, Mr. Ewins', automobile liability policy and now seeks underinsured motorist protection from the defendant under the policy, which was in effect on the date of the accident. CT Page 12481-C
On June 12, 1995, the defendant filed this motion for summary judgment on the ground that the exclusive remedy provisions of the Workers' Compensation Act preclude the plaintiff from bringing a claim for underinsured motorist benefits against his employer's liability insurance carrier.
In support of its motion for summary judgment defendant cites Bouley v. Norwich, 222 Conn. 744, (1992) and CNA Ins.Co. v. Colman, 222 Conn. 769 for the proposition that, in accidents occurring prior to January 1, 1994, an injured employee was not entitled to receive otherwise applicable uninsured motorist benefits from an automobile policy issued to his employer if the employee's injuries were otherwise compensable by worker's compensation benefits.
Plaintiff argues that because the accident occurred in New York, Connecticut law does not apply, and that under New York law the plaintiff's claims are not barred even if compensable under workers' compensation.
The defendant rejoins that the fact that the accident occurred in New York does not make New York applicable, since New York law applies solely to determine whether the claimant is legally entitled to collect damages from the underlying tortfeasor, a necessary prerequisite to the recovery of benefits, but does not apply to determine the amount and extent of coverage available to the claimant. Rather, the defendant argues that Connecticut law determines whether the plaintiff is otherwise legally entitled to make a claim for underinsured motorist benefits under a policy issued in Connecticut and that because the plaintiff's claim for underinsured motorist benefits has been properly brought in Connecticut, New York law does not apply in determining the extent of coverage for such claim.
-I-
The primary question appears to be whether this case is controlled by Connecticut law or New York law. In Williams v.State Farm Mutual Automobile Ins. Co., 229 Conn. 359 (1994) our Supreme Court made an extensive analysis of contract and tort law in concluding that in a claim under an uninsured motorist's policy involving an accident taking place in New York, New York law applied. In interpreting the phrase in the CT Page 12481-D policy holding the plaintiff to damages that he was "legally entitled to collect", the same phrase which appears in the policy in this case, the court stated:
"Legally entitled to collect damages from the owner or driver of an underinsured vehicle," means that "in order to recover under the policy, the plaintiff must prove: (1) that the other motorist was uninsured; (2) that the other motorist was legally liable under the prevailing law: and (3) the amount of liability." Whether the uninsured motorist was legally liable must be determined in light of any substantive defenses that would have been available to the uninsured motorist." Id. p. 368.
If Connecticut law prevails, then the defendant is correct in arguing that the plaintiff's receiving workers' compensation benefits from his employer precludes him from receiving underinsured motorist coverage. In Bouley v.Norwich, supra, 222 Conn. 744, and CNA Insurance Co. v.Colman, supra, 222 Conn. 769, the Connecticut Supreme Court ruled that an injured employee is not entitled to receive otherwise applicable underinsured motorist benefits from an automobile policy issued to his employer if the employee's injuries are otherwise compensable under the Workers' Compensation Act. In 1993, the Connecticut legislature, in response to these rulings, enacted Public Act 93-297 so that employees would be entitled to receive uninsured/underinsured motorist benefits under policies issued to their employers even if the employees are also entitled to receive workers' compensation benefits for the same injuries. Public Act 93-297 became effective for automobile accidents occurring on or after January 1, 1994.
The accident in the present case occurred on January 7, 1993, just short of a year before Public Act 93-297 went into effect. Under Connecticut law, therefore, the plaintiff would not be entitled to the additional uninsured motorist benefits afforded an employee by Public Act 93-297, now codified as General Statutes § 38a-336 (f) because plaintiff's claim for underinsured motorist benefits would be precluded by the Workers' Compensation Act.
If the substantive law of New York prevails, then a question of fact still remains as to whether the plaintiff is legally entitled to collect from the defendant because in a CT Page 12481-E New York action, the tortfeasor would have been entitled to raise the no-fault threshold of New York insurance law as a substantive defense, Williams v. State Farm Mutual AutomobileIns. Co., supra, 229 Conn. 368, and the plaintiff conceivably could have been precluded from bringing an underinsured motorist claim against the defendant under Sec. 5104 of the New York Insurance Law (McKinney 1985).
Under a choice of law analysis grounded in the law of torts, New York law is applicable to the present case. The Connecticut Supreme Court "has traditionally adhered to the doctrine that the substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury, or lex loci delicti." O'Connor v. O'Connor,201 Conn. 632, 637, (1986). In Williams v. State Farm MutualIns. Co., supra, it was recognized that in certain circumstances in which the traditional doctrine does not apply, the better rule is the analysis contained in the Restatement (Second) of the Conflict of Laws." id. 370. The court went on to state:
"Section 145 of the Restatement lists the contacts of each jurisdiction that are factors in determining the choice of law under § 6. These contacts include: (a) the place of injury; (b) the place where the conduct causing the injury occurred; (c) the domiciles of the parties; and (d) the place where the relationship, if any, between the parties is centered." Williams v. State Farm Mutual Automobile Ins. Co.,
supra, 229 Conn. 372.
From the face of the complaint, this court cannot determine whether the plaintiff pursued the underlying action against, or for that matter, exhausted, the tortfeasor's insurance policy in New York or Connecticut. Nor can this court determine from the face of the complaint whether the tortfeasor is a resident from New York or Connecticut. There appears to be a genuine issue of material fact as to what state the plaintiff was legally entitled to collect damages from the tortfeasor.
For the foregoing reasons, there exists a genuine issue of material fact which must be determined before it can be decided whether the plaintiff is precluded by the workers' compensation act from bringing the present underinsured motorist claim. Defendant's motion for summary judgment is CT Page 12481-F denied.
Wagner, J.