[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE DEFENDANT AMERICAN HOME PRODUCTS CORPORATION'SMOTION TO STRIKE
In this two-count complaint, the plaintiff alleges that he was in a motor vehicle accident negligently caused by the defendant Rolland Peacock (Count 1) and that because he was acting within the scope of his employment at the time of the accident, his injuries "are the legal responsibility" of American Home Products "pursuant to the terms of employment and in CT Page 765 accordance with § 38a-336 of the Connecticut General Statutes. (Uninsured Motorists' Coverage)." (Count 2). American Home Products has moved to strike the second count of the complaint, contending that the plaintiff's action against it is barred by the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284(a).
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
Our Supreme Court has held that the exclusivity provision of General Statutes § 31-284 (a) precludes recovery of uninsured motorist benefits under the employer's insurance policy. Bouleyv. City of Norwich, 222 Conn. 744 (1992); CNA Insurance Co. v.Coleman, 222 Conn. 769 (1992). The plaintiff, however, claims that Sec. 1(f) of Public Act 93-297, now codified at General Statutes § 38a-336 (f), renders the holdings in Bouley andColeman no longer applicable to the plaintiff's situation. This provision states that "notwithstanding subsection (a) of §31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insurer's otherwise applicable uninsured and underinsured motorist coverage."
The plaintiff claims that this amendment should be applied retroactively to this September 16, 1993 accident. The defendant, however, correctly points out that the Public Act itself unequivocally stated that this particular subsection was to take effect on January 1, 1994 and to be applicable to acts or omissions occurring on or after that date. See also General Statutes § 55-3 and Anderson v. Schieffer, 35 Conn. App. 31,39 (1994).
Despite the plain language of Public Act 93-297, the CT Page 766 plaintiff further urges that, consistent with the general principle that in deciding a motion to strike, the pleading must be construed in the light most favorable to the pleader, this motion must be denied because it makes reference to the defendant's legal responsibility "pursuant to the terms of employment and in accordance with § 38a-336 of the Connecticut General Statutes." (Emphasis added.) The plaintiff suggests that by referring to the "terms of employment", it is at least implicit that there may well be other conditions of the defendant's employment of the plaintiff that would subject it to liability.
This position is undermined by the plaintiff's having placed the words "uninsured motorists' coverage" in parentheses at the end of the paragraph in question (paragraph 16 of the second count). Rather than suggesting that the mention of uninsured motorist coverage applies only to the reference to § 38a-336
of the General Statutes, a position which might perhaps be tenable if the two phrases were separated by a comma or not separated at all, it is clear from his own choice of language that the plaintiff's claim for uninsured motorist coverage is based on the combination of his employment and the claimed application of statute.
Moreover, when the defendant filed an earlier request to revise, asking that the plaintiff revise this particular paragraph by providing a more specific statement of the allegation concerning "terms of employment", the plaintiff objected, stating that the challenged phrase "merely describes the nature of the claim pursuant to § 38a-336 of the Connecticut General Statutes." This court sustained that objection. In light of this history, the plaintiff cannot now credibly suggest that this phrase has a different meaning.
For all the above reasons, the motion to strike the second count of the plaintiff's complaint is granted.
Jonathan E. Silbert, Judge