[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an underinsured arbitration matter arising out of an automobile accident which occurred on November 23, 1989 in Plymouth, Connecticut, while the Plaintiff, Christopher J. Barnett, was operating an automobile owned by The New Classic Floors, Co. (the "Corporation").[1] At that time, the Plaintiff was Secretary and one of two Directors of the Corporation, and Barbara T. Barnett was President, Treasurer and the remaining Director.[2] Each Barnett was a 50% stockholder.
After exhausting the tortfeasor's insurance coverage, the Plaintiff made a claim for underinsured motorist benefits under the commercial insurance policy issued by the Defendant, Hartford Casualty Insurance Company, to the Corporation. Pursuant to the mandate of then General Statutes § 38-175c [now §38a-336], the Plaintiff compelled arbitration of its claim. Under date of October 23, 1995, the three-member arbitration panel[3] issued its decision as follows:
 After due consideration of all the evidence and the legal memorandums filed by each party, the panel finds that the claimant, at the time of the occurrence in question, was an employee of New Classic Floors Co., Inc., and as such, his exclusive remedy is a claim in Workers' Compensation. Bouley v. The City of Norwalk, 222 Conn. 744.
The Defendant has moved, pursuant to General Statutes § 52-417, to confirm this award, and the Plaintiff has applied under §52-418 to vacate the award.
If a submission to arbitration is unrestricted or voluntary, judicial review of legal as well as factual determinations by the arbitrators is precluded. Wilson v. SecurityInsurance Group, 199 Conn. 618, 627 (1988). In such case, judicial review is limited to a determination of whether the CT Page 4109-M award conforms to the submission. Bodner v. United ServicesAutomobile Assn., 222 Conn. 480, 488-89 (1992).
If arbitration is compulsory, judicial review is required, but there is a distinction between the scope of review of issues of law and that of issues of fact. With respect to questions of law, "the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." American Universal Ins. Co. v. DelGreco,205 Conn. 178, 191 (1987). With respect to the arbitrators' factual findings, the "appropriate standard of review is the `substantial evidence' test that prevails in review of factual determinations by administrative agencies." Chmielewski v. AetnaCasualty Surety Co., 218 Conn. 646, 652 (1991). Except in special circumstances, a party does not have the right to introduce evidence in the review court in connection with that review. Id.
Arbitration mandated under then § 38 -175c is compulsory as to issues of coverage. Wilson v. Security InsuranceGroup, supra, 626. The issue of the applicability of the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284 (a), involves an issue of coverage. Bouley v.Norwich, 222 Conn. 744 (1992); CNA Ins. Co. v. Colman,222 Conn. 769 (1992). Accordingly, the foregoing rules respecting judicial review of compulsory arbitration here apply.
No certified record of the arbitration proceeding was presented to this Court. See Chmielewski v. Aetna Casualtysurety Co., supra, 663. At oral argument, counsels' position was that the pertinent portions of the arbitration record were variously annexed as exhibits to the parties' briefs to this Court. In rendering its decision, the Court has reviewed these items and the claims of the parties with respect thereto.
The arbitrators have correctly in interpreted the law regarding the exclusivity of the Workers' Compensation Act (the "Act"). An employee who receives or is eligible to receive workers' compensation benefits is barred by the exclusivity provision of the Act, § 31-284 (a), from collecting under the employer's uninsured or underinsured motorist coverage whether that coverage is provided through self-insurance or through a commercial insurance policy. Bouley v. Norwich, supra; CNAIns. Co. v. Colman, supra.[4]
CT Page 4109-N
Plaintiff does not dispute the arbitrators' legal conclusion regarding exclusivity of the Act. Plaintiff does dispute their factual finding that he was an employee of the Corporation. The Record presented to this Court discloses, however, "substantial evidence" in support of the arbitrators' explicit and implicit findings that at the time of the accident, the Plaintiff was an employee of the Corporation acting in the course of such employment.
Subsection (9)(A)(i) of Section 31-275 of the Act defines an "employee" for purposes of the Act in part as "any person who . . . (h)as entered into or works under any contract of service . . . with an employer . . ." Subsection (10) thereof defines an "employer" in part as "any . . . corporation . . . using the services of one or more employees for pay . . ." The Record does not disclose an express contract of service. However, a contract may be implied.
 An implied contract is an agreement between the parties which is not expressed in words but which is inferred from the acts and conduct of the parties. . . . The test is whether the conduct and acts of the parties show an agreement.
Brighenti v. New Britain Shirt Corporation, 167 Conn. 403, 406
(1974). (Citations omitted).
The Plaintiff asserts that the Corporation had no employees, but that all of its work was performed by subcontractors. In support of this assertion, the Plaintiff points to his and the Corporation's pertinent tax returns, which do not disclose the payment of any salaries or wages by the Corporation, or his receipt of any from the Corporation. This is inconclusive, and in fact is contradicted by evidence before the arbitrators.
That evidence included a discovery document produced by the Plaintiff wherein he claims $5,295.34 for lost wages from the Corporation for the period of November 3, 1989 to January 29, 1990, a total of 12.43 weeks at $426.11 per week. By his own admission, therefore, he was entitled to wages at that rate from the Corporation (whether or not they were actually paid), thus satisfying the foregoing quoted definitional requirements of § 31-275 (9)-(10) of the Act. CT Page 4109-O
The evidence before the arbitrators further included the sworn deposition testimony of the Plaintiff that at the time of the accident he was proceeding in furtherance of the Corporation's business from its store to a home in order "to restretch a carpet." The arbitrators could reasonably conclude that this activity pertained to the duties of an employee rather than to those of a corporate director or secretary.[5] In addition, Resolution Number 7 of the Directors' Consent to Action, dated January 19, 1989, provides that the Corporation shall maintain an accident and health plan for the benefit "of each of its executive employees working a minimum of thirty hours per week whose main function is both in an administrative and supervisory capacity." This contemplates that the Corporation would have officers who would also be employees.
Plaintiff's Application to Vacate is denied. Defendant's Motion to Confirm is granted.[6] Judgment may enter in favor of the Defendant.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT.