[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This action arises out of an automobile accident, in which the plaintiff, Frank Colman, was injured while operating a motor vehicle in the course of his employment, which was owned by the defendant, Louis De Simone, and insured under a policy issued by the defendant, CNA Insurance Co. (CNA). The plaintiff, Shirley Colman has alleged loss of consortium arising out of the injuries to her husband, Frank Colman. De Simone filed a motion for summary judgment on February 23, 1994, which was granted by the court, Hauser, J., on September 15, 1994. The remaining counts are directed against CNA, and allege breach of contract, breach of the implied covenant of good faith and fair dealing, recklessness, "tortious" breach of contract, violation of the Connecticut Unfair Trade Practices Act (CUTPA), violation of the Connecticut Unfair Insurance Practices Act (CUIPA), and associated counts of loss of consortium. CNA filed a motion for summary judgment dated June 16, 1994, which was denied by the court, Hauser, J., on September 15, 1994.
In a motion dated January 22, 1996, CNA again moves for summary judgment on the plaintiffs' amended complaint on the grounds that no generalized business practice has been pleaded within the context of this case, that no CUTPA or CUIPA action is viable in that the underlying issues have been found in CNA's favor, and that the applicable statute of limitations has elapsed. The plaintiffs filed a memorandum in opposition on March 12, 1996, to which CNA filed a reply on March 18, 1996. The plaintiffs filed a supplemental memorandum in opposition on March 25, 1996.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrettv. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995) "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving CT Page 4069-H party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner,229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt's Manufacturing Co.,230 Conn. 660, 665, 646 A.2d 143 (1994).
CNA first argues that the plaintiffs are not able to show a generalized business practice, but only activities that are unique to the plaintiffs. The plaintiffs contend that the claims made are unique to themselves, but the activities which gave rise to those claims have been properly pleaded as a general business practice.
"In a CUTPA or CUIPA claim, the insurers liability is ordinarily based on its conduct in settling or failing to settle the insured's claim and on its claims settlement policies in general. The factual inquiry focuses, not on the nature of the loss and the terms of the insurance contract, but on the conduct of the insurer. . . . In a CUIPA and CUTPA claim, the insurer's duty stems not from the private insurance agreement but from a duty imposed by statute." (Internal quotation marks omitted.)Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,231 Conn. 756, 790, 653 A.2d 122 (1995). "Section 38-816 (6) prohibits unfair claim settlement practices. Under this section of CUIPA, the claimant must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice. . . ." (Internal quotation marks omitted.) Id., 796. "In requiring proof that the insurer has engaged in unfair claim settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." (Footnote omitted; internal quotation marks omitted.) Lees v. Middlesex InsuranceCo., 229 Conn. 842, 849, 643 A.2d 1282 (1994). CT Page 4069-I
This court already determined this issue in its memorandum of decision dated September 15, 1994, stating that "Colman has included allegations that CNA sold similar policies to other insureds. In paragraphs 31 and 32, Colman alleges that CNA `acted, and continues to act, to deprive insureds under its Personal Auto Pol[i]cies, including the plaintiffs, of the protection and benefits of the "Personal Auto Policy."' In paragraph 34, in which Colman lists specific CUIPA violations, Colman refers only [to] CNA's treatment of his own claim. Viewing the complaint in the light most favorable to the nonmovant, Colman has sufficiently alleged that CNA's acts constituted a general business practice." Accordingly, the court has already determined CNA's motion on this ground.
The defendants also maintain that the plaintiffs CUTPA and CUIPA claim are barred by the applicable three year statute of limitations because the plaintiff makes no claim that there were any acts in that period that would qualify as CUTPA or CUIPA violations. The plaintiffs contest that CNA has engaged and continues to engage in acts which violate CUTPA and CUIPA by not proceeding with arbitration after the Supreme Court decided the law of the case.
CNA contends that this is essentially an attempt to relitigate the decision of the Supreme Court in CNA Insurance Co.v. Colman, 222 Conn. 769, 610 A.2d 1257 (1992) and is barred by the doctrine of res judicata. "Res judicata, or claim preclusion, is distinguishable from collateral estoppel, or issue preclusion. Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim." Weiss v. Statewide Grievance Committee,227 Conn. 802, 818, 633 A.2d 282 (1993). "The term `res judicata' is often employed to refer to the related doctrines of claim preclusion and issue preclusion. . . . Claim preclusion . . . and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote judicial economy by preventing relitigation of issues or claims previously resolved. . . . The preclusive effect of these two doctrines, however, is substantially different. [C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . [I]ssue preclusion prevents a party from relitigating an issue that has been determined in a prior suit. . . . In determining which principle applies — claim preclusion or issue preclusion — we must examine what was actually CT Page 4069-J decided when summary judgment was granted in favor of the plaintiffs and against the defendants in the prior action." (Citations omitted; footnote omitted; internal quotation marks omitted.) Advest, Inc. v. Wachtel, 235 Conn. 559, 565-66,668 A.2d 367 (1995).
CNA argues that the plaintiff's claim is barred by the doctrine of res judicata, however, this court has already determined in its memorandum of decision dated September 15, 1994, that "[u]nless the plaintiff could have brought his claims for violation of CUIPA and CUTPA . . . in that prior arbitration proceeding, res judicata is not a proper ground for summary judgment." CNA's argument that the plaintiff's claims attack the substance of the Supreme Court's decision are more applicable to collateral estoppel, the close cousin of res judicata. Nevertheless, CNA has not moved for summary judgment on the ground of collateral estoppel. Accordingly, CNA's motion for summary judgment is denied.
LAWRENCE L. HAUSER, JUDGE