[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed March 24, 1997
The defendant, Allstate Insurance Company (Allstate), brings this motion for summary judgment on the grounds that the plaintiff, Lloyd Kevin Fox, fails to raise any genuine issue of material fact in his substitute complaint filed February 6, 1995, and that the defendant is entitled to summary judgment as a matter of law. In his substituted complaint, the plaintiff seeks underinsured motorist (UIM) benefits pursuant to an automobile insurance policy issued to the plaintiff by the defendant.
The following facts are undisputed. The plaintiff was operating a motor vehicle owned by his employer, Clearly, Inc., dba Vartolone Bakery, when a vehicle operated by Alfred Sprano collided with the plaintiff's vehicle after Sprano failed to stop at a stop sign. The plaintiff sustained injuries, for which he received $40,000 under Sprano's insurance policy issued by Safeco Insurance Company.[1] The plaintiff also received $11,967.58 from his employer's workers' compensation insurance carrier, Hanover Insurance Company.
The defendant filed its motion for summary judgment on October 8, 1996, which was accompanied by a memorandum of law in support of the motion. The plaintiff filed his objection on October 23, 1996, which was accompanied by a memorandum of law in opposition to the motion.
"[P]ractice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Doty v. Mucci 238 Conn. 800, 805, 679 A.2d 945 (1996). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The test is whether a party would be entitled to a directed verdict on the same facts . . ." (Citations omitted; internal quotation marks omitted.) Id., 620. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). CT Page 1989
In the present case, the defendant argues that it is entitled to Judgment as a matter of law because the plaintiff failed to establish that he exhausted his employer's UIM coverage before attempting to recover UIM benefits under his own insurance policy. This implies that the plaintiff must exhaust his employer's UIM coverage before claiming against his own policy. In support of its claim, the defendant cites General Statutes § 38a-336 (f) and the Connecticut Supreme Court's decision inReliance Ins. Co. v. American Casualty Ins. Co. of Reading,Pennsylvania, 238 Conn. 285, 679 A.2d 925 (1996).
General Statutes § 38a-336 (f) provides that "[n]otwithstanding subsection (a) of Section 31-284,[2] an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage." The Reliance court addressed the question of whether an employee was "barred from recovering uninsured motorist coverage benefits against his employer's insurer in regard to a motor vehicle accident that occurred prior to the effective date of [Public Act No. 93-297]."[3] Reliance Ins.Co. v. American Casualty Ins. Co. of Reading, Pennsylvania,supra, 238 Conn. 286. The court held that an employee is not so barred, effectively overruling the court's decision in CNA Ins.Co. v. Colman, 222 Conn. 769, 610 A.2d 1257 (1992). Id., 292-93.
The plaintiff argues that Public Act No. 93-297, which amended General Statutes § 38a-336, did not take effect until October 1, 1993 and does not, therefore, apply to his claim for benefits under his UIM coverage because the collision occurred on October 27, 1992. The plaintiff asserts that, prior to the effective date of the amendment to General Statutes §38a-336, an employee was barred from attempting to recover UIM benefits under his employer's insurance policy, pursuant to General Statutes § 31-284 (a). In support of this assertion, the plaintiff cites Bouley v. Norwich, 222 Conn. 744, 752,610 A.2d 1245 (1992) (held that an employee who receives workers' compensation benefits is precluded from receiving UIM benefits from his self-insured employer), and CNA Ins. Co. v. Colman,supra, 222 Conn. 769.
"In CNA Ins. Co. v. Colman, . . . we concluded that an employee injured in an automobile accident during the course of his or her employment who had received workers' compensation benefits was barred by General Statutes § 31-284 (a) from CT Page 1990 recovering against a commercial insurance provider on an uninsured motorist insurance policy procured by [his or her] employer." (Internal quotation marks omitted.) Reliance Ins. Co.v. American Casualty Ins. Co. of Reading, Pennsylvania, supra,238 Conn. 287-88. "In 1993, in response to our decision inColman, the legislature enacted No. 93-297 of the 1993 Public Acts (P.A. 93-297), § (1)(f) [codified as General Statutes § 38a-336 (f)]." Id., 289.
After reviewing the legislative history of the amendment to General Statutes § 38a-336 (f), the Supreme Court found that the amendment "was intended to be clarifying legislation and, as such, must be accepted as a declaration of the legislature's original intent pertaining to the interplay between the uninsured motorist provisions of General Statutes § 38a-336 and the workers' compensation exclusivity provision of General Statutes § 31-384 . . . Consequently, we conclude that an employee is not barred from recovering uninsured motorist coverage benefits against his or her employer's insurer in regard to a motor vehicle accident that occurred prior to the effective date ofP.A. 93-297." (Citations omitted.) Id., 291.
From the ruling in Reliance, it appears that the workers' compensation statute does not bar the plaintiff from claiming UIM benefits under his employer's insurance policy. This conclusion, however, does not support the defendant's claim that Reliance
obligates the plaintiff to proceed against his employer's compensation carrier before he makes a claim under his own insurance policy for UIM benefits.
In support of its motion, the defendant argues that General Statutes § 38a-336 (e), (f) directs the plaintiff to exhaust his employer's uninsured/underinsured coverage before he is legally entitled to recover UIM benefits under his own automobile insurance policy. General Statutes § 38a-336 (e) states, in relevant part: "an `underinsured motor vehicle' means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subsection (b) of this section." General Statutes § 38a-336
(b) states, in relevant part: "[a]n insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the CT Page 1991 limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage."
The defendant appears to be asking the court to find that these subsections of the statute apply to the plaintiff's employer's insurance policy. The defendant fails to cite any authority, nor can any be found, which supports this assertion. Indeed, recent Connecticut Supreme Court cases interpreted General Statutes § 38a-336 (e) to apply to the limits of bodily injury liability coverage of the tortfeasor's insurance policy. See, e.g., Florestal v. Government Employees Ins. Co.,236 Conn. 299, 301, 673 A.2d 474 (1996) (where the court reaffirmed its holdings in American Motorists Ins. Co. v. Gould,213 Conn. 625, 569 A.2d 1105 (1990), overruled in part on other grounds, Covenant Ins. Co. v. Coon, 220 Conn. 30, 37,594 A.2d 977 (1991), in which the court "concluded that a tortfeasor is not underinsured within the meaning of General Statutes (Rev. to 1989) § 38-175c(b)(2), now recodified as § 38a-336 (e), unless the aggregate limits of the tortfeasor's liability insurance coverage applicable at the time of the accident are less than the underinsured motorist coverage available to the claimant"). (Emphasis added.)
Defendant's motion raises the issue of whether the plaintiff is required to proceed against his employer's insurance to recover UIM benefits before claiming such benefits under his own insurance policy issued by the defendant. Resolution of this issue requires the court to review the relevant insurance policies, which were not provided by the parties.[4]
The defendant has not met its burden of showing the nonexistence of any material fact. Bank of Boston v. Scott RealEstate, Inc., 40 Conn. App. 616, 619-20, 637 A.2d 558, cert. denied, 237 Conn. 912, 675 A.2d 884 (1996). The defendant's motion is denied.