[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
CT Page 5071
Presently before the court is a motion for summary judgment by the defendant, Anastasio Sons Trucking, Inc., on the grounds that the plaintiff, Douglas Pouncey, Sr., fails to raise any genuine issues of material fact and that the defendant is entitled to judgment as a matter of law. In his complaint dated October 26, 1996, the plaintiff alleges breach of contract and bad faith by the defendant, his employer, for failure to disclose the identity of the defendant's insurance carrier for purposes of the plaintiff making an underinsured motorist claim. The plaintiff brings this action against the defendant seeking to recover underinsured motorist benefits.
The dispositive issue in this motion is whether an employee who is injured in the course of his employment while occupying a motor vehicle owned by his employer is entitled under General Statutes § 38a-336 (f) to collect uninsured motorist benefits directly from his employer who is insured with a commercial insurer with uninsured coverage. The court concludes that inasmuch as the employee could have sued the commercial insurer directly, there is no justification to depart from the exclusive remedy of our Worker's Compensation Act [§ 31-284 (a) of the General Statutes].
The following facts are undisputed. On November 2, 1990, the plaintiff, during the course of his employment, was operating a 1976 transport truck owned by his employer, the defendant, when a vehicle operated by Donna Schwartz collided with the plaintiff's vehicle. Schwartz' vehicle had previously collided with a truck owned by the Sunbury Trucking Company ("Sunbury"). As a result of the accident, the plaintiff sustained personal injuries, for which he received $100,000 under Schwartz' insurance policy and $7,250 under Sunbury's insurance policy. The plaintiff also received workers' compensation benefits from the defendant. At the time of the accident, the defendant was covered through a fleet automobile insurance policy, providing uninsured and underinsured motorist coverage in the amount of $20,000 per person/$40,000 per accident.
The defendant filed a motion for summary judgment dated December 12, 1997, accompanied by a memorandum of law in support. The plaintiff filed an objection on January 20, 1998, accompanied by a memorandum of law in support of the objection. On January 22, 1998, the defendant filed a reply memorandum of law. CT Page 5072
Practice Book § 384, now Practice Book (1998 Rev.) § 17-49 "provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets omitted; citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996).
In the present action, the defendant argues that it is entitled to summary judgment as a matter of law because General Statutes § 31-284 (a), the exclusivity provision of the Workers' Compensation Act, bars the plaintiff's claims. The defendant contends that pursuant to General Statute § 31-284
(a), it is not obligated to provide underinsured motorist benefits to an employee injured in an automobile accident during the course of employment. The defendant maintains that the plaintiff's action for underinsured motorist benefits lies against the defendant's insurance company rather than against the defendant-employer under General Statutes § 38a-336 (f).[1]
In its argument, the plaintiff contends that General Statutes § 38a-336 (f) allows the plaintiff to recover underinsured motorist benefits directly from his employer. According to the plaintiff, General Statutes § 38a-336 (f) and the case law do not expressly or implicitly limit a plaintiff's cause of action to an insurance carrier. Accordingly, the plaintiff maintains that the exclusivity provision of the workers' compensation statute does not bar the plaintiff's action.
General Statutes § 31-284 (a) provides in relevant part: "An employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . . All rights and claims between an employer . . . and employees . . . arising out of personal injury . . . sustained in the course of employment are abolished other than rights and claims given by this chapter, CT Page 5073 provided nothing in this section shall prohibit any employee from securing with his employer, additional compensation for the injury or from enforcing any agreement for additional compensation."
The purpose of the Workers' Compensation Act "is to compensate employees for injuries without fault by imposing a form of strict liability on employers." Spatafore v. YaleUniversity, 239 Conn. 408, 417, 684 A.2d 1155 (1996). Under the statute, "an employer is insulated from bearing any costs arising out of workplace injuries in excess of those provided by worker's compensation." (Emphasis in original; internal quotation marks omitted.) Stiles v. Hartford Casualty Ins. Co., 44 Conn. App. 1,4, 686 A.2d 528, cert. denied, 240 Conn. 909 (1996). Accordingly, "workers' compensation payments are the exclusive source of remedy against an injured employee's employer." Skuzinski v.Bouchard Fuels. Inc., 240 Conn. 694, 699, 694 A.2d 788 (1997).
"The question of whether the Workers' Compensation Act preempts the recovery of uninsured motorist coverage by an employee against his employer's policy has followed a tortured history in [our] courts." J. Berk J. Jainchill, Connecticut Law of Uninsured and Underinsured Motorist Coverage (1993) § 3.8, p. 130; see also Conzo v. Aetna Ins. Co., 243 Conn. 677, 680,___ A.2d ___ (1998). In 1992, in Bouley v. Norwich, 222 Conn. 744,755, 610 A.2d 1245 (1992), the Supreme Court held that "§31-284 (a) prevented an employee from collecting uninsured motorist benefits from [a self-insured] employer. . . . The court pointed out that workers' compensation is an employee's only remedy for injuries that arise during the course of his employment and that the exclusivity provision of § 31-284 (a) applies whether the employee's claim is predicated on common-law tort, statute or contract." (Internal quotation marks omitted.) Conzo v. AetnaIns. Co., 243 Conn. 677, 686, ___ A.2d ___ (1998).
In CNA Ins. Co. v. Colman, 222 Conn. 769, 610 A.2d 1257
(1992), a companion case to Bouley, a majority of the Supreme Court held that "§ 31-284 (a) barred the employee's recovery even if it was from the employer's automobile liability insurance carrier because the carrier is the alter ego of its insured, the employer. . . ." Conzo v. Aetna Ins. Co., 243 Conn. 677, 686,___ A.2d ___ (1998). "Because of the central role that the exclusivity remedy provision plays in our workers' compensation law, an employee who can receive workers' compensation benefits is therefore barred from collecting under this employer's CT Page 5074 uninsured motorist coverage, whether that coverage is provided through self-insurance or through a commercial insurance policy."CNA Ins. Co. v. Colman, supra, 774.
In response to Colman, the legislature promptly enactedPublic Act No. 93-297, § 1(f), now codified as §38a-336(f), which provides: "Notwithstanding subsection (a) of section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage."
Since the enactment of General Statutes § 38a-336 (f), our Supreme Court has issued two decisions pertaining to the interplay between the workers' compensation exclusivity provision of § 31-284 and the uninsured/underinsured motorist provision of § 38a-336.
In 1996, in Reliance Ins. Co. v. American Casualty Ins. Co.of Reading. Pennsylvania, 238 Conn. 285, 291, 679 A.2d 925 (1996), our Supreme Court noted that General Statutes § 38a-336 (f) effectively reversed the majority opinion in CNA Ins. Co. v.Colman, supra, 222 Conn. 769, and was intended to clarify the legislatures' original intent that employees be permitted to recover uninsured motorist benefits against their employers' insurers. Reliance Ins. Co. v. American Casualty Ins. Co. ofReading, Pennsylvania, supra, 291. Accordingly, the court concluded that the exclusivity provision of the workers' compensation act did not bar an employee "from recovering uninsured motorist benefits against his or her employer's insurer
in regard to a motor vehicle accident." (Emphasis added.) Id.
In 1998, in Conzo v. Aetna Ins. Co., 243 Conn. 677, ___ A.2d ___
(1998), a plaintiff sought to recover uninsured/underinsured motorist benefits directly from his employer, who was self-insured. In reaching its decision, the court first noted that the plaintiff's employer, pursuant to General Statutes §38a-371 (c)[2], elected to become a self-insurer for its automobile liability including uninsured motorist coverage, thereby becoming an insurer under General Statutes § 38a-363
(b)[3] and the functional equivalent of a "named insured" under § 38a-336 (f). Id., 682-83. The court also noted that "the legislature intended to mandate uninsured motorist benefits for employee victims of accidents involving inadequate insured vehicles irrespective of the status of the victim's employer as a CT Page 5075 self-insurer or as a purchaser of a commercial policy of insurance." Id., 683. Lastly, the court reasoned that "the legislature could not have intended such an untenable result as denying uninsured motorist benefits to employees who worked for self-insured employers, while providing uninsured motorist benefits to employees who worked for employers that purchased commercial insurance." Id., 685. Based on the above reasons, the court held "that an employee who is injured in the course of his employment while occupying a motor vehicle owned by his employer is entitled under § 38a-336 (f) to uninsured motorist benefits from his or her self-insured employer." Id., 686; see also ConnecticutUnion Ins. Co. v. Reis, 243 Conn. 687, 690, ___ A.2d ___ (1998).
Based on the above authorities, it appears that the workers' compensation statute does not bar an employee, injured during the course of employment, from seeking uninsured/underinsured motorist benefits from either a self-insured employer or an employer's insurance carrier. In the present action, the defendant is neither an insurance carrier nor a self-insured employer. Rather, the defendant obtained and paid for a commercial insurance policy, which included a provision for underinsured motorist benefits.
The plaintiff, in the present case, would have this court extend the above rulings in Reliance Ins. Co. v. AmericanCasualty Ins. Co. of Reading. Pennsylvania, supra, 238 Conn. 285, and Conzo v. Aetna Ins. Co., supra, 243 Conn. 677, a step further and permit an employee injured during the course of his employment, while occupying a covered vehicle owned by his employer, to recover underinsured motorist benefits directly from an employer, who has coverage through a commercial insurance policy and is not "self-insured". The plaintiff fails to cite to any authority, nor can any be found, to support this assertion. At this point in time, this court declines to adopt the plaintiff's proposition absent explicit authority from our Supreme Court, Appellate Court or our state legislature.
Accordingly, the defendants' motion for summary judgment shall be granted as to all claims in the complaint on the ground that the exclusivity provision of the workers' compensation statute bars the plaintiff from recovering underinsured motorist benefits from the defendant.[4]
Although the plaintiff's complaint is grounded on a claim for uninsured benefits, it also contains a paragraph alleging that CT Page 5076 the defendant has refused to reasonably cooperate for purposes of providing the plaintiff with the necessary information to make an uninsured claim, defendant has refuted this allegation by attaching evidence that plaintiff's attorney had ascertained the identity of defendant's insurer as early as November 29, 1990. Defendant's Exhibit I.
Dorsey, J. Judge Trial Referee