# JOHN CONZO *v.* AETNA INSURANCE COMPANY ET AL.
## (SC 15691)

Callahan, C. J., and Berdon, Norcott, Palmer and McDonald, Js.

Argued December 5, 1997—officially released February 17, 1998

*Paul J. Dorsi*, assistant corporation counsel, with whom were *Henry Szadkowski*, assistant corporation counsel, and, on the brief, *Michael P. Farrell*, corporation counsel, for the appellant (defendant city of West Haven).

*Eugene A. Cooney*, with whom, on the brief, was *Rodd J. Mantell*, for the appellee (named defendant).

*Opinion*

BERDON, J. The dispositive issue in this appeal is whether an employee who is injured in the course of his employment while occupying a motor vehicle owned by his employer is entitled under General Statutes § 38a-336 (f)[1] to collect uninsured/underinsured (uninsured)[2] motorist benefits from his or her self-insured employer.

The following facts are not disputed. The plaintiff, John Conzo, while operating a police vehicle during the course of his employment as a police officer for the defendant city of West Haven (West Haven), sustained personal injuries in a collision with an underinsured vehicle. The plaintiff received workers' compensation benefits from West Haven for the injuries he sustained in the collision. He also received the $20,000 limit of the third party tortfeasor's automobile insurance policy. The plaintiff sought to recover uninsured motorist benefits from West Haven, which is self-insured pursuant to

---

[1] General Statutes § 38a-336 (f) provides: "Notwithstanding subsection (a) of section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage."

[2] The term "uninsured" will be used throughout the opinion to refer to both uninsured and underinsured motorist benefits.

General Statutes § 38a-371 (c),[3] and from the named defendant, Aetna Insurance Company (Aetna), which insured a vehicle owned by him.[4]

Both West Haven and Aetna denied coverage of the plaintiff's claim for uninsured motorist benefits, each claiming the coverage of the other was applicable. The plaintiff then brought this action seeking a declaratory judgment to determine whether one or both of the defendants must provide uninsured motorist benefits for his loss, and whose coverage would be primary. Aetna moved for summary judgment claiming that West Haven has a duty to provide uninsured motorist benefits, and that those benefits are primary. West Haven also moved for summary judgment seeking a declaration that pursuant to General Statutes § 31-284 (a),[5]

[3] General Statutes § 38a-371 (c) provides: "Subject to approval of the Insurance Commissioner the security required by this section, may be provided by self-insurance by filing with the commissioner in satisfactory form: (1) A continuing undertaking by the owner or other appropriate person to perform all obligations imposed by this section; (2) evidence that appropriate provision exists for the prompt and efficient administration of all claims, benefits, and obligations provided by this section; and (3) evidence that reliable financial arrangements, deposits or commitments exist providing assurance for payment of all obligations imposed by this section substantially equivalent to those afforded by a policy of insurance that would comply with this section. A person who provides security under this subsection is a self-insurer. A municipality may provide the security required under this section by filing with the commissioner a notice that it is a self-insurer."

[4] Aetna's policy with the plaintiff provided uninsured motorist benefits in the amount of $300,000.

[5] General Statutes § 31-284 (a) provides: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. *All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other*

the exclusivity provision of the Workers' Compensation Act, it had no duty to provide uninsured motorist benefits to an employee injured while operating a city owned vehicle during the course of his employment.

The trial court determined that both West Haven and Aetna are required to provide uninsured motorist benefits to the plaintiff, but that West Haven's coverage was primary and Aetna's coverage was secondary.[6] West Haven appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

We do not write on a clean slate with respect to the right of an employee to receive uninsured motorists benefits as a result of injuries sustained while operating an employer's motor vehicle during the course of employment. In 1992, in *Bouley* v. *Norwich*, 222 Conn. 744, 755, 610 A.2d 1245 (1992), a majority of this court held that § 31-284 (a) prevented an employee from collecting uninsured motorist benefits from the employer. Id., 755–56. The court pointed out "that workers' compensation is an employee's only remedy for injuries that arise during the course of his employment," and that the exclusivity provision of § 31-284 (a) applies whether the employee's claim is predicated on common-law tort,

*than rights and claims given by this chapter*, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation." (Emphasis added.)

[6] The parties do not dispute that if West Haven is liable for uninsured motorist coverage, then it's coverage would be primary. General Statutes § 38a-336 (d) provides in relevant part: "If a person insured for uninsured and underinsured motorist coverage is an occupant of a *nonowned vehicle* covered by a policy also providing uninsured and underinsured motorist coverage, the coverage of the occupied vehicle shall be primary and any coverage for which such person is a named insured shall be secondary. All other applicable policies shall be excess. . . ."

statute or contract. In *CNA Ins. Co.* v. *Colman,* 222 Conn. 769, 773, 610 A.2d 1257 (1992), a companion case to *Bouley,* the majority held that § 31-284 (a) barred the employee's recovery even if it was from the employer's automobile liability insurance carrier because the carrier is "the alter ego of its insured, the employer . . . ." The legislature promptly reacted by adopting No. 93-297, § 1 (f), of the 1993 Public Acts, now codified as § 38a-336 (f), which provides: "Notwithstanding subsection (a) of section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage."

In 1996, in *Reliance Ins. Co.* v. *American Casualty Co. of Reading, Pennsylvania,* 238 Conn. 285, 291, 679 A.2d 925 (1996), we held, with respect to an employer who was insured by a commercial insurance policy for uninsured motorist coverage, that § 38a-336 (f) clearly was intended to reverse the majority holding in *Colman* and, in doing so, "was intended to be clarifying legislation and, as such, must be accepted as a declaration of the legislature's original intent pertaining to the interplay between the uninsured motorist provisions of . . . § 38a-336 and the workers' compensation exclusivity provision of § 31-284." Consequently, we applied § 38a-336 (f) retroactively. In *Reliance Ins. Co.,* we also noted, however, that we were leaving open the question of the effect of § 38a-336 (f) on cases such as *Bouley* in which the employer is "self-insured." Id., 289 n.4.

West Haven argues that § 38a-336 (f) cannot be interpreted to apply to self-insured employers because it does not expressly create an exception to the bar set forth in § 31-284 (a). In response, Aetna argues that § 38a-336 (f) reverses the decision in *Bouley* as well as in *Colman* because the legislature intended to guarantee that the benefits of uninsured motorist coverage

extend to all employees, regardless of the status of their employer as a self-insurer or as a purchaser of a commercial policy of insurance. We agree with Aetna.

Our resolution of this issue is guided by well established principles of statutory construction. "[O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Dodd* v. *Middlesex Mutual Assurance Co.*, 242 Conn. 375, 379, 698 A.2d 859 (1997).

In its argument, West Haven focuses on the language of § 38a-336 (f), which excepts from the exclusivity provision of the Workers' Compensation Act "an employee of a named insured" that shall be covered by "such insured's otherwise applicable uninsured and underinsured motorist coverage." West Haven points out that because it is self-insured, it does not come within the purview of the phrase "named insured" in § 38a-336 (f), which is defined as "the person specifically designated in the policy as the one protected and, commonly, it is the person with whom the contract of insurance has been made." Black's Law Dictionary (6th Ed. 1990). We disagree for several reasons.

First, West Haven, as a self-insurer, comes within the definition of insured. West Haven, pursuant to § 38a-371 (c),[7] elected to become a self-insurer for its automobile liability including uninsured motorist coverage. Section 38a-371 (c) provides that in making the election to become a self-insurer, West Haven must provide "assurance for payment of all obligations imposed by this

---

[7] See footnote 3 of this opinion.

section substantially equivalent to those afforded by a policy of insurance that would comply with this section." Therefore, upon electing to become a self-insurer, West Haven not only became an insurer; General Statutes § 38a-363 (b);[8] but also, the functional equivalent of a "named insured" under § 38a-336 (f). Furthermore, West Haven concedes that every other subsection of § 38a-336 which regulates uninsured motorist coverage is applicable to self-insureds, notwithstanding the absence of any reference to "self-insured" in those subsections.[9] Reading § 38a-336 as a whole, as we must; *Munroe* v. *Great American Ins. Co.*, 234 Conn. 182, 187, 661 A.2d 581 (1995); we are persuaded that West Haven's restrictive interpretation of the phrase "named insured" in § 38a-336 (f) is untenable.

Second, the legislative history of § 38a-336 (f) persuades this court that the legislature intended to mandate uninsured motorist benefits for employee victims of accidents involving inadequately insured vehicles irrespective of the status of the victim's employer as a self-insurer or as a purchaser of a commercial policy of insurance. "The legislature is presumed to know the judicial interpretation placed upon a statute. . . . It is further presumed that when the legislature subsequently acts with respect to a statute, it does so with full awareness of relevant judicial interpretations." (Citations omitted.) *Charles* v. *Charles*, 243 Conn. 255, 262–63, 701 A.2d 650 (1997); see also *Rodriguez* v. *United States*, 480 U.S. 522, 525, 107 S. Ct. 1391, 94 L. Ed. 2d 533 (1987). The decisions in *Bouley* and *Colman*, the relevant judicial interpretations of the uninsured motorist statute, § 38a-336, rendered less than one year

[8] General Statutes § 38a-363 (b) provides: " 'Insurer' includes a self-insurer and a person having the rights and obligations of an insurer under sections 38a-19 and 38a-363 to 38a-388, inclusive, as provided by section 38a-371."

[9] This court expressly acknowledged in *Bouley* that a self-insured municipality is required by § 38a-336 to provide uninsured motorist coverage on its vehicles. *Bouley* v. *Norwich*, supra, 222 Conn. 747 n.6.

before the legislature enacted § 38a-336 (f), were grounded upon an analysis of the interplay between the workers' compensation exclusivity provision found in § 31-284 (a) and § 38a-336, not on the basis of any distinction between self-insurers and commercial insurers. The *Colman* decision makes this clear by stating that "[t]he fact that the employee's suit is based on an uninsured motorist insurance policy issued by a commercial insurer does not warrant a departure from the exclusive remedy policy of our Workers' Compensation Act." *CNA Ins. Co.* v. *Colman,* supra, 222 Conn. 773. This was further underscored in *Colman* when the majority stated that the presence of insurance "is not relevant to the issue of whether a claim for uninsured motorist benefits is precluded by the Workers' Compensation Act." Id., 775.

When enacting § 38a-336 (f), the debaters confirmed that the legislature focused solely on its original intent with respect to the interplay between § 38a-336 and § 31-284 (a), without regard to whether the employer was self-insured or insured by a commercial carrier. Representative Richard Tulisano stated that the legislature, "in drafting [§ 38a-336 (f)] . . . intended [it] to be a recital [of] [w]hat [the legislature] believe[s] current law was and has been . . . . [T]here is a recent Supreme Court case[10] that may have interpreted [it] differently and I think [§ 38a-336 (f)] is a restatement of what we consider [the] law to be at this point in time." 36 H.R. Proc., Pt. 27, 1993 Sess., p. 9673. Then, in response to a question from Representative Robert Farr, Tulisano stated: "I think the courts might look at

[10] Although Representative Tulisano referred to only one case, it was in *Bouley* v. *Norwich,* supra, 222 Conn. 751–61, a case involving a self-insured employer, that a majority of this court undertook its analysis of the interplay between the workers' compensation exclusivity provision found in § 31-284 (a) and § 38a-336, and in *CNA Ins. Co.* v. *Colman,* supra, 222 Conn. 773, a case involving a commercially insured employer, that the majority of this court summarily affirmed the same principle.

this [amendment] as [a] restatement of legislative intent and probably interpret the law [as] we always have . . . . I just note that we have always understood that the workers' comp[ensation] carriers had a lien on any proceeds . . . and I think a Supreme Court decision was just out of the ordinary in this area." Id., p. 9674; see *Reliance Ins. Co.* v. *American Casualty Co. of Reading, Pennsylvania*, supra, 238 Conn. 291.

Third, the legislature could not have intended such an untenable result as denying uninsured motorist benefits to employees who work for self-insured employers, while providing uninsured motorist benefits to employees who work for employers that purchase commercial insurance. "It is . . . a rule of statutory construction that those who promulgate statutes or rules do not intend to promulgate statutes or rules that lead to absurd consequences or bizarre results." *State* v. *Siano*, 216 Conn. 273, 278, 579 A.2d 79 (1990). Section 38a-336[11] mandates that each automobile liability policy issued in

[11] General Statutes § 38a-336 (a) (1) provides: "Each automobile liability insurance policy shall provide insurance, herein called uninsured and underinsured motorist coverage, in accordance with the regulations adopted pursuant to section 38a-334, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles and insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom. Each insurer licensed to write automobile liability insurance in this state shall provide uninsured and underinsured motorists coverage with limits requested by any named insured upon payment of the appropriate premium, provided each such insurer shall offer such coverage with limits that are twice the limits of the bodily injury coverage of the policy issued to the named insured. The insured's selection of uninsured and underinsured motorist coverage shall apply to all subsequent renewals of coverage and to all policies or endorsements which extend, change, supersede or replace an existing policy issued to the named insured, unless changed in writing by any named insured. No insurer shall be required to provide uninsured and underinsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian by, an uninsured or underinsured motor vehicle or a motorcycle

Connecticut must offer uninsured motorist coverage. We have stated that "[t]he public policy of § 38a-336 is to give a personal injury claimant access to insurance protection to compensate for the damages that would have been recoverable if the uninsured motorist had maintained an adequate policy of liability insurance." *Smith* v. *Safeco Ins. Co. of America*, 225 Conn. 566, 573, 624 A.2d 892 (1993). The legislature intended to create a uniform scheme of uninsured motorist insurance coverage applicable to self-insurers as well as commercial insurance carriers. General Statutes § 38a-371 (c) (3). In view of the underlying public policy embraced in § 38a-336 and the legislative intent that self-insurers have the same obligation as commercial insurers with respect to uninsured motorist laws, § 38a-336 (f) must be construed to achieve a uniform treatment of employee victims of accidents involving inadequately insured vehicles. We reject West Haven's argument that the legislature, in adopting § 38a-336 (f), intended to create a class of persons who would not have uninsured motorist protection while operating their employer's vehicle in the course of employment merely because their employer elected to self-insure.

We conclude, therefore, that an employee who is injured in the course of his employment while occupying a motor vehicle owned by his employer is entitled under § 38a-336 (f) to uninsured motorist benefits from his or her self-insured employer.

The judgment is affirmed.

In this opinion the other justices concurred.

---

that is owned by the named insured, or (B) any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured."