## CONNECTICUT UNION INSURANCE COMPANY *v.* DOMINICK REIS ET AL. (SC 15747)

## DOMINICK REIS *v.* CITY OF WEST HAVEN (SC 15748)

Callahan, C. J., and Berdon, Norcott, Palmer and McDonald, Js.

Argued December 5, 1997—decision released February 17, 1998

*Jon Berk*, with whom was *Doreen West*, for the appellant (Connecticut Union Insurance Company).

*John J. Kennedy, Jr.*, with whom, on the brief, was *Robert L. Schwab*, for the appellee (Dominick Reis).

*Michael Brodinsky*, for the appellee (city of West Haven).

*Opinion*

BERDON, J. The reserved question in these companion cases is whether an employee who is injured in the course of his employment while occupying a motor vehicle owned by his employer is entitled under General Statutes § 38a-336 (f)[1] to collect uninsured/underinsured (uninsured)[2] motorist benefits from his or her self-insured employer.[3] We conclude, under the circumstances of this case, that an employee is entitled to uninsured motorist benefits from his self-insured employer.

The plaintiff in Docket No. 15748, Dominick Reis, commenced an action against the defendant, the city of West Haven (West Haven), for uninsured motorist benefits. West Haven, which was self-insured to the extent of $50,000, answered the complaint claiming that Reis' uninsured motorist claim was barred by General

---

[1] General Statutes § 38a-336 (f) provides: "Notwithstanding subsection (a) of section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage."

[2] The term "uninsured" will be used throughout the opinion to refer to both uninsured and underinsured motorist benefits.

[3] We have revised the reserved question, which originally read as follows: "Is an employee, injured on September 14, 1993, entitled to uninsured/ underinsured motorist's benefits from his self-insured employer?" To the extent the reserved question raises an issue of whether § 38a-336 (f), which codified Public Acts 1993, No. 93-297, § 1 (f), and became effective January 1, 1994, is retroactive, we conclude, as we did in *Reliance Ins. Co.* v. *American Casualty Co. of Reading, Pennsylvania*, 238 Conn. 285, 289–91, 679 A.2d 925 (1996), based upon the same reasoning, that it is clarifying legislation and that it is therefore retroactive regardless of whether the employer is self-insured or commercially insured.

Statutes § 31-284 (a),[4] the exclusivity provision of the Workers' Compensation Act, as articulated in *Bouley* v. *Norwich*, 222 Conn. 744, 610 A.2d 1245 (1992).

The plaintiff in Docket No. 15747, Connecticut Union Insurance Company (Connecticut Union), Reis' insurance carrier, brought an action against Reis, West Haven and the defendant Coregis Insurance Company (Coregis), the excess uninsured motorist insurance carrier for West Haven, seeking a declaratory judgment that West Haven and Coregis had a primary obligation to pay uninsured motorist benefits to Reis. Pursuant to General Statutes § 52-235,[5] the parties in both companion cases stipulated to the facts and the trial court reserved to the Appellate Court the question left unanswered by this court in *Reliance Ins. Co.* v. *American Casualty Co. of Reading, Pennsylvania*, 238 Conn. 285,

[4] General Statutes § 31-284 (a) provides: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. *All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter*, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation." (Emphasis added.)

[5] General Statutes § 52-235 provides: "(a) The Superior Court, or any judge of the court, with the consent of all parties of record, may reserve questions of law for the advice of the Supreme Court or Appellate Court in all cases in which an appeal could lawfully have been taken to said court had judgment been rendered therein.

"(b) The court or judge making the reservation shall, in the judgment, decree or decision made or rendered in such cases, conform to the advice of the Supreme Court or the Appellate Court."

See also Practice Book § 4147 with respect to the specific requirements for a reserved question.

289 n.4, 679 A.2d 925 (1996): whether Public Acts 1993, No. 93-297, § 1 (f), now codified as General Statutes § 38a-336 (f), is applicable to self-insurers. We transferred the reserved question to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

The following stipulated facts are relevant to our resolution of this appeal. On September 14, 1993, Reis, while occupying a police vehicle during the course of his employment for West Haven, sustained personal injuries in a collision with an uninsured motorist. Reis received workers' compensation payments from West Haven for the injuries he sustained in the accident. On the date of the accident, West Haven, pursuant to the authority of the state, was self-insured for uninsured motorist coverage for the first $50,000, and insured under an excess insurance policy issued by Coregis for the next $950,000 of uninsured motorist coverage.

We have today concluded, in the companion case of *Conzo* v. *Aetna Ins. Co.*, 243 Conn. 677, 686, 705 A.2d 1020 (1998), that "an employee who is injured in the course of his employment while occupying a motor vehicle owned by his employer is entitled under § 38a-336 (f) to uninsured motorist benefits from his or her self-insured employer."

We answer the reserved question "yes."

No costs will be taxed in this court to either party.