[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION TO STRIKE
The plaintiff, Mark DelVecchio, filed an amended complaint against the defendants, Liberty Electric Co., Inc. (Liberty) and ATT on July 8, 1997 seeking damages for injuries suffered while working for Satin American Corp. (Satin). On July 31, 1997, Liberty filed a motion to implead Delvecchio's employer, Satin. The motion to implead Satin was granted by the court (Melville, J.) and Liberty filed a three-count third-party complaint against Satin. Subsequently, Satin filed a motion to strike the first and second counts of the third-party complaint to which Liberty objected. Short calendar argument was held on June 15, 1998.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Faulkner v. United Technoloaies Corp. ,240 Conn. 576, 530, 693 A.2d 293 (1997).
The first count of the third-party complaint alleges that Satin's "failure to furnish an employee knowledgeable in reinstallations and/or to furnish an employee who was able to CT Page 12027 recognize that the retrofitted circuit breaker did not properly fit into the existing housing breached its agreement with [Liberty] to its loss including but not limited to the present lawsuit brought by the plaintiff." (Third-party Complaint, First Count, ¶ 6.) The second count alleges that, if the plaintiff proves his allegations, then Satin has breached its agreement with Liberty by providing faulty circuit breakers and thus forcing Liberty to defend the present action and pursue an appropriate indemnification action. The third count alleges that the plaintiff's injury was caused by the negligence and carelessness of Satin. The third count further alleges that Liberty "did not know of, nor had reason to know of, [Satin's] negligence, had no reason to anticipate that negligence and could reasonably rely on [Satin] not to be negligent in the performance of its contract and duties." (Third-party Complaint, Third Count, ¶ 11.)
Satin moves to strike the first and second counts on the ground that the claims are barred by the exclusive remedy provisions of the Workers' Compensation Act and do not fall under the limited exception to this rule. Specifically, Satin argues that while established caselaw allows an indemnification claim where an independent duty is alleged between the employer and the third-party, there is no such claim in the first two counts. Rather, Satin argues, the first and second counts merely state a cause of action for breach of contract.
Liberty objects to Satin's motion to strike and argues that the first and second counts allege a contractual relationship between Liberty and Satin. Liberty argues that the third party complaint alleges the existence of an independent duty between the parties which places the two counts outside the exclusive provisions of the workers' compensation remedy.
Workers' compensation is an employee's only remedy for injuries that arise during the course of his employment. Conzo v.Aetna Ins. Co., 243 Conn. 677, 680, 705 A.2d 1020 (1998). The exclusivity provision of 31-284(a) applies whether the employee's claim is predicated on common-law tort, statute or contract. Id. Nevertheless, in Ferryman v. Groton, 212 Conn. 138,146, 561 A.2d 432 (1989), the court concluded that "General Statutes § 31-284 does not necessarily furnish the exclusive remedy against employers in the context of negligence actions, and that indemnification is possible under appropriate circumstances . . ." (Emphasis added.) Id. 146. The court CT Page 12028 explained that an independent duty between the parties may give rise to a remedy that would not be excluded by workers' compensation.
 "When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care . . ." Ferryman v. Groton, supra, 212 Conn. 144-45, citing 2A A. Larson, Workmen's Compensation Law § 76.
Liberty argues that since it has alleged a separate agreement between Liberty and Satin, it has meet the threshold requirement of an existing independent duty that would preclude the exclusivity of workers' compensation from applying. However, Liberty's argument does not take into account the complete holding in Ferryman and, therefore, Satin's motion to strike the first and second counts of the third-party complaint should be granted.
While Ferryman emphasizes the need for an independent duty between the employer and third party, the exception to the provisions of workers' compensation applies only in the context of indemnification. See Guido v. Faustini's Caterers, Superior Court, judicial district of Danbury at Danbury, Docket No. 325578 (October 31, 1997, Stodolink, J.); Espowood v. SpringfieldTerminal Railway Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 285026 (August 5, 1993, Stanley, J.). Thus, in order to plead outside the exclusivity of workers' compensation, it is essential that the third party properly alleges the required elements of indemnification as well as the existence of an independent duty between the parties. In order for a third party plaintiff to successfully avoid the exclusive remedy clause in an action against the employer for CT Page 12029 indemnification, the following essential elements must be proved: 1) the employer must have been negligent; 2) its negligence rather than another's was the direct and immediate cause of injury; 3) the employer had exclusive control over the situation; 4) the negligent party seeking indemnification did not know of the employer's negligence, had no reason to anticipate it and could reasonably have relied on the employer to act without negligence; and 5) there must be an independent legal relationship between the employer and the third party plaintiff giving rise to a special duty. Hajjar v. Frederick L. Bultman,Inc., Superior Court, judicial district of Danbury, Docket No. 316244 (February 9, 1995, Leheny, J.), citing Atkinson v. Berloni23 Conn. App. 325, 326-328, 580 A.2d 84 (1990)[1]; cf. Roundtreev. AM Manufacturing Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 338311 (September 27, 1995, Corradino, J.).
Even construing the third-party complaint in a manner most favorable to the third-party plaintiff, the first and second counts do not sufficiently allege a cause of action forindemnification. Thus, even though these counts contain allegations of an independent duty to indemnify, the first and second counts do not state claims that are exceptions to the exclusivity of workers' compensation as announced in Ferryman.
The motion to strike the first and second counts of the third-party complaint is hereby granted.
MELVILLE, J.