[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:
DEFENDANT'S MOTION TO DISMISS # 103:
DEFENDANT'S MOTION TO STRIKE # 114:
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT # 117
On January 27, 1999, the plaintiff, Carlos Colon, filed a six count amended complaint against the defendants, Juho Arguello, GEICO Casualty Company, the City of New Haven, and the City of New Haven Police Department. In count one, Colon sets forth a negligence claim against Arguello. Colon claims he sustained various injuries as a result of an automobile accident that CT Page 9856 occurred on or about October 26, 1996. Colon claims that at the time of the accident he was operating a vehicle owned by the city, which was struck by the vehicle operated by Arguello. Colon alleges that Arguello's negligence caused the collision. In count two, Colon alleges that he is entitled to uninsured motorist benefits under an insurance policy with GEICO. In count three, Colon alleges a CUIPA violation against GEICO. In count four, Colon alleges that his operation of the vehicle owned by the city was within his scope of employment with the city. He also alleges that the city is legally responsible pursuant to its insurance policy and General Statutes § 38a-336, since Arguello was an uninsured motorist. In counts five and six, Colon alleges CUIPA and CUTPA violations, respectively, against the city.
On December 22, 1998, the city filed a motion to dismiss on behalf of the New Haven Police Department, asserting that because the police department is not a separate entity, the court lacks jurisdiction over it. On January 12, 1999, Colon filed a response to the motion to dismiss and indicated that he does not object to the city's motion.
On January 29, 1999, the city filed a motion to strike counts five and six and paragraphs three and four of Colon's prayer for relief. The city moves to strike count five, on the grounds that: 1) CUIPA does not create a private cause of action; 2) the city is self-insured and not subject to CUIPA; and 3) Colon has failed to allege facts sufficient to demonstrate a general business practice in violation of CUIPA. The city moves to strike count six on the ground that CUTPA does not apply to the acts of a municipality or its agencies. Furthermore, the city contends that ¶ 3 of Colon's prayer for relief, which seeks double, treble and punitive damages, is legally insufficient because Colon's CUTPA and CUIPA claims are legally insufficient. Furthermore, the city maintains that CUIPA does not provide for double, treble or punitive damages. Finally, the city seeks to strike ¶ 4 of Colon's prayer for relief, which seeks attorney's fees, on the ground that the alleged facts do not entitle Colon to attorney's fees.
On February 18, 1999, Colon filed a memorandum in opposition to the city's motion to strike and a motion for summary judgment seeking a declaratory judgment against the city and GEICO. Colon asks the court to find the city primarily liable and GEICO secondarily liable for uninsured/underinsured motorist benefits. On May 12, 1999, the city filed an opposing memorandum. CT Page 9857
Defendant's Motion to Dismiss # 103
The City of New Haven Police Department filed a motion to dismiss the allegations against it on the ground that the court lacks jurisdiction, because the police department is not a separate entity. In his response, Colon contends that he has no objection to this motion. Therefore, the court grants the city's motion to dismiss.
Defendant's Motion to Strike # 114 — Counts Five and Six
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26,676 A.2d 357 (1996).
Colon alleges that the city's failure to pay him uninsured motorists benefits constitutes a violation of CUIPA and that the city's denial of his claim constitutes a violation of CUTPA. In support of its motion to strike, the city asserts that a private cause of action does not exist under CUIPA. Also, the city maintains that as a municipality, it is exempt from CUTPA.
In Rowlands v. Commodore Commons Condominium Association, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 063281 (January 13, 1999, Curran, J.), the plaintiff alleged that the defendant insurer violated CUIPA and CUTPA as a result of the insurer's failure to properly handle property damage claims. The insurer moved to strike those two counts of the plaintiff's complaint asserting CUIPA and CUTPA claims on several grounds, including the ground that CUIPA does not provide a private cause of action. The court recognized that a split of authority exists as to whether CUIPA provides a private cause of action, but found that the better reasoned and more persuasive decisions held that a private cause of action under CUIPA is impermissible. The court held that there is no private cause of action under CUIPA, and struck one count of the plaintiffs complaint on that ground. The court also held that a CUTPA claim CT Page 9858 based on an unfair settlement practice must allege that the unfair settlement practice has been performed with such frequency as to indicate a general business practice. The court found that the insurer's mishandling of several claims from the same incident did not rise to the level of a general business practice and struck the CUTPA claim on that ground.
The facts of present case are analogous to those found inRowland v. Commodore Commons, supra, notwithstanding the city's assertion that it is not an insurer. In Conzo v. Aetna Ins.Co., 243 Conn. 677, 705 A.2d 1020 (1998), the Supreme Court held that where a municipality elects to become a self insurer for its automobile liability, it becomes an insurer pursuant to General Statutes § 38a-363[1] and the functional equivalent of a "named insured" under § 38a-336(f)[2] Id., 683. Therefore, as an insurer, the city may be subject to a CUIPA claim; however, a private cause of action under CUIPA is impermissible pursuant to the reasoning set forth in Rowland v. Commodore Commons. See also Butler v. Bankers Shippers Insurance Co., Superior Court, judicial district of Waterbury, Docket No. 131722 (January 8, 1998, Murray, J.) (plaintiff's CUIPA and CUTPA claims stricken, because no private cause of action exists for CUIPA and plaintiff failed to allege a general business practice). Therefore the court grants the city's motion to strike count five.
General Statutes § 42-110c, provides, in pertinent part: "(a) Nothing in this chapter [Unfair Trade Practices] shall apply to: (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States; . . . (b) The burden of proving exemption, as provided in this section, from the provisions of this chapter shall be upon the person claiming the exemption."
In count six, Colon alleges that the city's acts in denying his claim for uninsured motorist benefits amount to a CUTPA claim. "CUTPA, however, is inapplicable to the acts of a municipality. Connelly v. Housing Authority, 213 Conn. 354,363, 567 A.2d 1212 (1990); Lomaglic Construction v. Berlin, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529998 (March 16, 1994, Wagner, J.);Stratford v. Siciliano, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 296847 (August 5, 1993,Leheny, J.) (8 C.S.C.R. 924); Stack Contracting Services, Inc.CT Page 9859v. Stamford, Superior Court, judicial district of Waterbury, Docket No. 099908S (October 28, 1991, Murray, J.) (5 Conn. L. Rptr. 233). . . ." (Citations omitted.) Lazaros v. City of WestHaven, 45 Conn. Sup. 11, 18, 697 A.2d 724 (1997). Colon clearly sets forth his claim against the city as a municipality. (Amended Complaint, Count Six, ¶ 8.) Therefore, based on the above cited authority the court grants the city's motion to strike Colon's sixth count.
Defendant's Motion to Strike # 114 — ¶¶ 3 and 4 Prayer forRelief
"The only pretrial method to attack a prayer for relief is a motion to strike. . . . If the relief sought does not correspond with the allegations in the complaint, [the prayer for relief] is demurrable. . . ." (Citations omitted; internal quotation marks omitted.) Interstate Aviation. Inc. v. City of Meriden, Superior Court, judicial district of New Haven at Meriden, Docket No. 240874 (April 11, 1994, Stanley, J.) (9 C.S.C.R. 557, 558). "[U]nder CUTPA, a plaintiff is entitled to have the trial court consider awarding both punitive damages; General Statutes §42-110g (a); and attorney's fees. General Statutes § 42-110g
(d). . . ." (Citation omitted; emphasis omitted; internal quotation marks omitted.) Saturn Construction Co. v. PremierRoofing Co., 238 Conn. 293, 311, 680 A.2d 1274 (1996). Under ¶ 3, Colon seeks double, treble, and punitive damages pursuant to CUTPA; however, as stated above, Colon has failed to set forth a legally sufficient CUTPA claim to justify these damages. Therefore that the court strikes ¶ 3 of Colon's prayer for relief.
"The general rule regarding attorney's fees, known as the `American rule,' is that absent contractual or statutory authorization, there can be no recovery, either as costs or damages, for the expenses of litigation or the expenditures for counsel fees by a party from his opponent. . . ." Conway v.Manchester Memorial Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 519009 (February 20, 1996, Schimelman, J.).
In ¶ 4 of his prayer for relief, Colon seeks attorney's fees. The defendant maintains that Colon has not pleaded legally sufficient facts to support a claim for attorney's fees. Although attorney's fees may be awarded under CUTPA; General Statutes § 42-110g (d); as stated above, Colon has failed to set forth CT Page 9860 a legally sufficient CUTPA claim. Therefore the court strikes ¶ 4 of Colon's prayer for relief.
Colon's Motion for Summary Judgment # 117
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998). The plaintiff "moves . . . for Summary Judgment declaring that the City of New Haven is an insurer and is primarily liable for uninsured/underinsured motorist benefits to the Plaintiff, to the maximum extent of the City's self-insured exposure; and GEICO is secondarily liable for such benefits to the plaintiff." (Emphasis added.) In support of its motion for summary judgment the plaintiff argues that he is asking for the same relief as that requested by and granted to the plaintiff in Conzo v. Aetna Ins.Co., 243 Conn. 677, 705 A.2d 1020 (1998). However, the present case and Conzo are procedurally dissimilar.
In Conzo, the plaintiff brought an action seeking a declaratory judgment to determine whether one or both of the defendants in that case must provide uninsured motorist benefits and which defendants coverage would be primary. The present case, however, was not brought as an action seeking a declaratory judgment. While the determinations made in Conzo may in fact have application in the present case, those determinations do not support the plaintiffs motion. Given the procedural context of this case, the plaintiffs motion for summary judgment, which seeks a declaratory judgment, is improper. Therefore the plaintiffs motion for summary judgment is denied.
Hohn W. Moran Judge of the Superior Court