[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 123)
The plaintiff, Darcy Yuille, filed a three-count complaint against the defendant, Bridgeport Hospital, dated November 16, 1998. The original complaint sounded in wrongful discharge, bad faith, and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. On May 11, 1999, the court, Nadeau, J., rendered a memorandum of decision on Bridgeport Hospital's first motion to strike, in which the court denied the motion to strike with respect to the second count (bad faith), and granted it with respect to the third count (CUTPA) Yuille subsequently filed an amended complaint on December 13, 1999.
Yuille alleges in her amended complaint that she received injuries arising out of her employment as a registered nurse at Bridgeport Hospital and that the hospital discharged her in retaliation for seeking workers' compensation. The added counts allege that the hospital is in the separate business of insurance because it provides its own workers' compensation insurance. Yuille alleges that this "separate business" negligently handled her workers' compensation claim after the hospital terminated her employment. Count five alleges that the hospital breached its implied contract as an insurer, in violation of the Workers' Compensation Act, General Statutes § 31-275 et seq. Count six alleges that the hospital's actions amount to a CUTPA violation.
Bridgeport Hospital has filed another motion to strike, the one currently before the court, seeking to strike counts four, five, and six of the amended complaint on the ground that they fail to state a claim upon which relief can be granted.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998). A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Faulkner v. United Technologies Corp.,240 Conn. 576, 588, 693 A.2d 293 (1997). The court must take the facts to be those alleged in the complaint and construe the complaint in the manner most favorable to sustaining its legal sufficiency. Sherwood v.CT Page 5513Danbury Hospital, 232 Conn. 193, 212-13, ___ A.2d ___ (2000).
The hospital argues that electing to self-insure does not transform the employer into an insurer for purposes of General Statutes § 31-340. Therefore, the hospital argues, Yuille's claims arise out of an employer- employee context and are barred by the exclusivity principle. The hospital further argues that count six is identical to the previously stricken count three, and therefore, the "law of the case" bars Yuille from bringing a CUTPA count against the hospital.[1] Yuille argues in response that because the hospital elected to "self-insure" under the Workers' Compensation Act (the act), it was conducting a separate business of insurance claim handling and processing. Yuille further argues that her alleged injuries did not arise out of her employment because the hospital caused the injuries in its capacity as a separate insurance business.
It is well established that when an employee's injury is covered by the Workers' Compensation Act, statutory compensation is the sole remedy and that recovery in common-law tort against the employer is prohibited.Sullivan v. State, 109 Conn. 555, [189 Conn. 550], 558, 457 A.2d 304 (1983). Further, the Supreme Court has observed that both the employer and the employee have relinquished certain rights to obtain other advantages. The employee no longer has to prove negligence on the part of the employer, but, in return, he has to accept a limited, although certain, recovery. The employer, in turn, guarantees compensation to an injured employee in return for the exclusivity of workers' compensation liability to its employees. See Green v. General Dymanics Corp., 245 Conn. 66, 71-72,712 A.2d 938 (1998). "[W]orkers' compensation is an employee's only remedy for injuries that arise during the course of his employment, and . . . the exclusivity provision of § 31-284 (a) applies whether the employee's claim is predicated on common-law tort, statute or contract." (Internal quotation marks omitted.) Conzo v. Aetna Ins. Co., 243 Conn. 677,680-81, 705 A.2d 1020 (1998).
Paragraph sixteen of counts four, five, and six allege that the hospital was in the business of insurance claim processing and adjusting by virtue of its status as a self-insurer under the act. Paragraph sixteen further alleges that the hospital's insurance business did not employ Yuille.
This claim is without merit inasmuch as our Supreme Court has ruled on whether a self-insurer under the act is an "insurer" as defined in title 38a of the General Statutes. See Douchette v. Pomes, 247 Conn. 442,456-66, 724 A.2d 481 (1999). In that case, the Supreme Court conducted a thorough analysis of the statutory and scholarly writings regarding what CT Page 5514 it means to be an insurer. See id. The hallmark of insurer is a transfer of risk from the insured to the insurer. See id. The court noted that in the context of workers' compensation, there is no transfer of risk. See id., 456. The Supreme Court concluded that "Connecticut does not, in its Workers' Compensation Act, define self-insured employers as insurers." Id., 465.
Consequently, the defendant hospital is not in the business of insurance simply because it is self-insured. Therefore, counts four, five, and six predicated on that theory must fail. See Douchette v.Pomes, supra, 247 Conn. 466. Accordingly, counts four, five, and six of Yuille's amended complaint are hereby stricken as they are barred by the exclusivity principle of the Workers' Compensation Act. See Conzo v.Aetna Ins. Co., supra, 243 Conn. 680-81.
MELVILLE, J.