[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT METRO CONTRACT SERVICES, INC. MOTION FOR SUMMARY JUDGMENT (#137)
The defendant, Jonathan Joyner, was employed by the defendant, Metro Contract Services, Inc. also known as Metro Business Movers, Inc. (Metro). On or about July 23, 1996, Metro subcontracted the services of Joyner to the defendant, Joyce Van Lines, Inc. (Joyce) for the purpose of moving the Hagus Company from Clinton, Connecticut to another location.
The plaintiff, Mark A. Farley, was seated on a forklift, which was owned by Joyce, that had become stuck in the mud. Joyner attached chains to the forklift and ran said chains around a nearby building to a truck that was also owned by Joyce. Joyner attempted to pull the forklift from the mud using the truck. The forklift fell over pinning the plaintiff beneath it. The plaintiff suffered various injuries from the accident. At the time of the incident, the plaintiff was acting within the course and scope of his employment for Metro.
The plaintiff filed this action sounding in negligence on July 17, 1998 in four counts against Joyner, Joyce, and Metro. Metro filed a motion for summary judgment on count two along with a supporting memorandum of law and a copy of the request for admission from the plaintiff that was filed March 6, 2000 and to which the plaintiff never responded. The plaintiff CT Page 9615 did not file an objection to the motion for summary judgment. Oral argument was heard by the court on May 5, 2000.
 DISCUSSION A
Pursuant to Practice Book § 17-49, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368, ___ A.2d ___ (2000). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." HeymanAssociates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 795,653 A.2d 122 (1995). A defendant's motion for summary judgment is properly granted if the motion "raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Serrano v. Burns, 248 Conn. 419, 424, 727 A.2d 1276
(1999). Because the plaintiff did not file an objection, the court must determine if Metro's proof is sufficient to demonstrate that there is no genuine issue as to any material fact.
"Each matter of which an admission is requested is admitted unless, within thirty days after the filing of the notice required by Section 13-22 (b), . . . the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney." Practice Book § 13-23. "[S]ummary judgment [may be granted] on the basis of admissions by a party who did not respond to requests to admit, even though an opposing affidavit was filed." Allied GrocersCooperative, Inc. v. Caplan, 30 Conn. App. 274, 280, 620 A.2d 165
(1993); see Orenstein v. Old Buckingham Corporation, 205 Conn. 572,534 A.2d 1172 (1987). Joyner and Metro filed a notice of filing requests for admissions to the plaintiff on March 6, 2000. (Motion for Summary Judgment, Exhibit A, Notice of Filing Requests for Admissions to Plaintiff) The plaintiff failed to respond to the request, therefore, its CT Page 9616 contents are admitted. Thus there is no dispute that "at the time of the incident alleged in the plaintiff's complaint he was acting within the course and scope of his employment for Metro Contract Services, Inc. a/k/a Metro Business Movers, Inc." (Motion for Summary Judgment, Exhibit B, Request for Admissions).[1]
 B
"Connecticut first adopted a statutory scheme of workers' compensation in 1913. The purpose of the [act] . . . General Statutes § 31-275 et seq.; is to provide compensation for injuries arising out of and in the course of employment, regardless of fault." Doe v. Yale University,252 Conn. 641, 672, ___ A.2d ___ (2000). "The act provides the sole remedy for employees and their dependents for work-related injuries and death.[2] . . . [B]oth the employer and the employee have relinquished certain rights to obtain other advantages. The employee no longer has to prove negligence on the part of the employer, but, in return, he has to accept a limited, although certain, recovery. . . . The employer, in turn, guarantees compensation to an injured employee in return for the exclusivity of the workers' compensation liability to its employees. . . ." (Citation omitted; internal quotation marks omitted.) Green v. GeneralDynamics Corporation, 245 Conn. 66, 71-72, 712 A.2d 938 (1998).
The legislature has specified statutory exceptions to the act's exclusivity provision, § 31-284 (a), e.g., permitting an action for uninsured motorist benefits against an employer, General Statutes Superior Court, § 38a-336 (f)[3]; see also Conzo v. Aetna Ins.Co., 243 Conn. 677, 705 A.2d 1020 (1998), and permitting actions against a fellow employee in the case of wrongful or malicious conduct or motor vehicle accident, General Statutes § 31-293a.[4] Connecticut courts have determined that the exception allowing suit against fellow employees cannot be construed to permit suits against employers which are not otherwise permitted under the act. See Velardi v. Ryder Truck Rental,Inc., 178 Conn. 371, 377, 423 A.2d 77 (1979) (An employer is not a "fellow employee" within the meaning of § 31-293a.); Szczapa v.United Parcel Service, Inc., 56 Conn. App. 325, 331, 743 A.2d 682 (2000) ("While it is true that employers are generally liable for the actions of their employees, we cannot conclude that the legislature intended employees and employers to be treated alike for the purposes of §31-293a."). The Connecticut Supreme Court has established additional exceptions to the exclusivity provision. See, Blancato v. FeldsparCorp., 203 Conn. 34, 43, 522 A.2d 1235 (1987) (allowing illegally employed minor to state cause of action against his employer); Jett v.Dunlap, 179 Conn. 215, 217, 425 A.2d 1263 (1979) (permitting action against employer for intentional torts committed by employer); see alsoSuarez v. Dickmont Plastics Corp., 229 Conn. 99, 106, 639 A.2d 507
CT Page 9617 (1994).
The plaintiff has not alleged that any exceptions apply in the present case, nor has he presented any evidence that would support the application of any exception. The plaintiff alleges mere negligence on the part of Joyner. Metro's motion establishes evidence that the plaintiff was acting within the course and scope of his employment for Metro at the time of the incident. As such, the plaintiff's claim against Metro is barred by the exclusivity provision of the Worker's Compensation Act. Therefore, Metro's motion for summary judgment is granted.
BY THE COURT
PETER EMMETT WIESE, J.