[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (NO. 105)
The defendant, the Country Club of Fairfield, Inc. (Club) moves to strike the counts of the complaint that the plaintiff directs against it. For the reasons stated below, the court grants the motion as to the third, fourth, fifth, eighth and tenth counts and denies the motion as to the first and ninth counts.
The plaintiff, Francesca DeMaria, initiated this action on behalf of her minor daughter, Sara DeMaria, against the Club and Dan Renzulli, who was employed by the Club as a cook. Seven of the ten counts in the complaint are directed against the Club. DeMaria alleges that while her daughter was employed at the Club, Renzulli engaged in offensive and unwelcome conduct of a sexual nature, that Renzulli was acting in the scope of his employment, that he was acting as the Club's agent, and that the Club knew or should have known of Renzulli's conduct but failed to remedy the situation. DeMaria seeks to recover compensation for the emotional harm suffered by her daughter, punitive damages, interest, and attorney's fees.
In the first count, DeMaria alleges that the Club subjected her daughter to sexual harassment and created a hostile work environment in violation of General Statutes § 46a-60 et seq. The Club moves that this count be stricken because the plaintiff has failed to allege that she first raised her complaints before the Connecticut Commission on Human Rights and Opportunities. The Club argues that unless the plaintiff has exhausted her administrative remedy, this court lacks subject matter jurisdiction over this claim. A party challenging the court's subject matter jurisdiction should do so in the context of a motion to dismiss, Practice Book § 10-31(a), rather than a motion to strike, Practice Book § 10-39(a). Since the Club's motion to strike the first count is dependent on facts that are not alleged in the complaint, i.e., that DeMaria failed to exhaust her administrative remedy, the motion to strike the first count is denied. CT Page 1368
In the third count, DeMaria alleges that on one occasion while her daughter was working at the Club, Renzulli physically assaulted and injured her "while in the course and general scope of his employment as an agent" of the Club. The Club argues that this is a personal injury claim and thus is barred by the exclusive remedy provision of the Workers' Compensation Act, General Statutes § 31-284 (a). DeMaria counters that the bar does not apply because the injuries her daughter sustained did not "arise out of her employment" as that term is used in the Act.
Section 31-284 (a) provides in relevant part: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as provided under this chapter. . . . All rights and claims between an employer who complies with subsection (b) of this section and employees . . . arising out of personal injury . . . sustained in the course of employment are barred. . . ." "Section 31-284 (a) . . . manifests a legislative policy decision that a limitation on remedies under tort law is an appropriate trade-off for the benefits provided by workers' compensation. . . . Accordingly, our case law on workers' compensation exclusivity reflects the proposition that these statutes compromise an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation." (Internal quotation marks omitted.)Driscoll v. General Nutrition Corp., 252 Conn. 215, 220-21, 752 A.2d 1069. Our Supreme Court has "consistently held that where a worker's personal injury is covered by the act, statutory compensation is the sole remedy and recovery in common-law tort against the employer is barred." Jett v.Dunlap, 179 Conn. 215, 217, 425 A.2d 1263 (1979).
The court has recognized the following narrow exception to the exclusivity provision: "An intentional tort committed upon one employee by another, which causes personal injury arising out of and in the course of his employment, is covered by the compensatory provisions of the Worker's Compensation Act. . . . Unless the defendant employer intentionally directed or authorized [the other employee] to strike the plaintiff, the employer has a right to view the incident as an injury arising out of and in the course of employment . . . of the sort he has a right to consider exclusively covered by the compensation system." (Internal quotation marks omitted.) Id., 218. To come within this exception, a plaintiff must prove "either that the employer actually intended to injure the plaintiff (actual intent standard) or that the employer intentionally created a dangerous condition that make the CT Page 1369 plaintiffs injuries substantially certain to occur (substantial certainty standard)." Suarez v. Dickmont Plastics Corp., 242 Conn. 255, 258,698 A.2d 838 (1997). "Under the former, the actor must have intended both the act itself and the injurious consequences of the act. Under the latter, the actor must have intended the act and have known that the injury was substantially certain to occur from the act." Id., 280.
Here, DeMaria does not allege that Renzulli's status was such that he was the alter ego of the Club so that his actual intent can be attributed to the Club, nor do her allegations meet the substantial certainty standard. An employer's knowledge of a potential workplace hazard and "[f]ailure to take affirmative remedial action, even if wrongful, does not demonstrate an affirmative intent to create a situation that creates personal injury." (Internal quotation marks omitted.) Morocco v. Rex Lumber Co., 72 Conn. App. 516, 525-26, 805 A.2d 168 (2002). Accordingly, the Club's motion to strike the third count is granted.
In the fourth count, DeMaria alleges that Renzulli intentionally inflicted emotional distress on her daughter. The Club argues that this is also a personal injury claim and thus barred by § 31-284 (a). DeMaria counters that the bar does not apply because her daughter's injuries were emotional, not physical, and thus are not compensable under the Act. In § 31-275 (16) (A), the term "personal injury" is defined as including an "accidental injury which may be definitely located as to the time when and the place where the accident occurred. . . ." The act specifies, however, that the term "shall not be construed to include . . . (ii) A mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease." General Statutes §31-275 (16) (B). Accordingly, in Perodeau v. Hartford, 259 Conn. 729,744-45, 792 A.2d 752 (2002), the Supreme Court held that the Worker's Compensation Act itself does not bar claims for emotional distress that are not premised on a physical injury or occupational disease.
In addition to the allegations that DeMaria makes regarding Renzulli's language, in the fourth count, she also incorporates her allegation that he physically assaulted her daughter and injured her leg. In Driscoll v.General Nutrition Corp., supra, 252 Conn. 220, the court considered whether an employee who alleged that she was both physically and emotionally assaulted at her workplace by a customer can "avoid the statutory rule of exclusivity by expressly limiting her tort action to a claim for recovery only for emotional distress and emotional injury." Specifically, the issue was "whether . . . §§ 31-284 (a) and 31-275
(16) (A) and (B) (ii); consider a person so situated to have suffered multiple injuries that may be unbundled for pleading purposes, or to have suffered only one injury, with physical as well as mental components, CT Page 1370 which, because of the mandate of § 31-275 [16] (B) (ii) . . . may only be pursued through a claim for workers' compensation benefits." The court declined to separate the injuries and concluded that the plaintiff was barred from pursuing a tort claim for damages for emotional distress. Id., 228. Accordingly, the bar also applies in this case, and the Club's motion to strike the fourth count is granted.
In the fifth count, DeMaria incorporates the allegations of the fourth count and alleges that Renzulli's negligently inflicted emotional distress on her. The Club moves to strike this count on the ground that the claim is barred by § 31-284 (a). The club also argues that the plaintiff has not sufficiently stated a claim upon which relief can be granted. DeMaria contends that this claim is not barred and that is has been adequately pleaded.
The reasoning that was applied to DeMaria's claim for intentional infliction of emotional distress also applies here. Accordingly, DeMaria's claim for negligent infliction of emotional distress is barred by § 31-284 (a).
In addition, this claim does not state a cause of action upon which relief can be granted because it is premised on conduct that occurred while Sara was in a continuing employment relationship with the Club rather than on conduct that occurred during the termination of employment. In Perodeau v. Hartford, supra, 259 Conn. 762-63, the Supreme Court concluded that "an individual municipal employee may not be found liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." The Supreme Court did not limit the application of its decision to claims against municipal employers. The Club's motion to strike the fifth count is granted.
In the eighth and ninth counts, DeMaria alleges that the Club was negligent in hiring and retaining Renzulli by failing to adequately investigate Renzulli before hiring him and failing to adequately remedy the situation once it knew or should have know of Renzulli's conduct. In addition to arguing that these claims are barred by § 31-284 (a), the Club contends that the eighth count is insufficiently pleaded because DeMaria fails to allege facts that support the element of foreseeability. The Club contends that the ninth count is insufficient because DeMaria does not allege that the Club was aware of Renzulli's conduct or that it failed to take appropriate action. DeMaria counters that she has adequately alleged both causes of action. CT Page 1371
Absent a recognized exception, "workers' compensation is an employee's only remedy for injuries that arise during the course of his employment, and . . . the exclusivity provision of § 31-284 (a) applies whether the employee's claim is predicated on common-law tort, statute or contract." (Internal quotation marks omitted.) Conzo v. Aetna Ins. Co.,243 Conn. 677, 680-81, 705 A.2d 1020 (1998). DeMaria alleges personal injury claims in the eighth and ninth counts. Accordingly, the claims are barred.
In addition, DeMaria has not plead sufficient facts to support a claim for negligent hiring. A claim of negligent hiring "extends to any situation where a third party is injured by an employer's own negligence in failing to select an employee fit or competent to perform the services of employment." Shore v. Stonington, 187 Conn. 147, 155, 444 A.2d 1379
(1982). To sustain this cause of action, DeMaria must allege that the club knew or should have known that Renzulli's activities before he was hired were such that the Club should have been aware that he was reasonably likely to engage in the conduct about which the plaintiff now complains. See Doe v. Abrahante, Superior Court, judicial district of New Haven, Docket No. CV 97 0403111 (April 28, 1998, Licari, J.) (22 Conn.L.Rptr. 65, 66). DeMaria's complaint is devoid of any such allegations. The Club's motion to strike the eighth and ninth counts is granted.
In the tenth count, DeMaria alleges that the Club was negligent in the representations it made to her daughter when she accepted its offer of employment. The plaintiff states that the Club did not warn her that, as a term and condition of her employment, she would be subjected to the type of behavior that Renzulli directed toward her. The Club argues that this count should be stricken because DeMaria does not allege sufficient facts to support her allegation that the Club's omission of this information was a misstatement of fact. DeMaria contends that she has adequately pleaded this claim.
To maintain a claim for negligent misrepresentation, a plaintiff must allege the following: "1) a false representation was made to the party as a statement of fact, 2) it was made for the guidance of the party' 3) the party making the representation failed to exercise reasonable care in obtaining or communicating the information, and 4) the pleading party justifiably relied on the representation to its detriment." Ocwen FederalBank, FSB v. Rivas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99 0368135 (February 21, 2002, Stevens, J.). As to the element at issue, "falsity is an essential element . . . and [the plaintiff] bears the burden of demonstrating that the defendants made certain representations . . . that were in fact untrue." Daley v. AetnaCT Page 1372Life Casualty Co., 249 Conn. 766, 792, 734 A.2d 112 (1999). The tenth count does not contain any factual allegations that support this element. All of the allegations that DeMaria makes about Renzulli pertain to conduct that he engaged in after her daughter began working at the Club. Accordingly, the Club's motion to strike the tenth count is granted.
For the foregoing reasons, the motion to strike filed by defendant Country Club of Fairfield, Inc. is granted with respect to the third, fourth, fifth, eighth, ninth, and tenth counts. The motion is denied with respect to the first count.
___________________ THIM, J. CT Page 1373